THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WHITAKER PHYFIHER, Defendant-Appellant.

First District (6th Division)   No. 1—03—3100

Opinion filed September 30, 2004.

Michael J. Pelletier and Bonnie Kim, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, John E. Nowak, and Thor Martin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a jury trial, defendant Whitaker Phyfiher was convicted of vehicular hijacking, aggravated possession of a stolen motor vehicle, and possession of a stolen motor vehicle. Defendant was sentenced for vehicular hijacking, with the other convictions merged, to 18 years in the Illinois Department of Corrections as a mandatory Class X offender due to two previous convictions for robbery, a Class 2 felony. 730 ILCS 5/5—5—3(c)(8) (West 2000).

On appeal defendant's attorney filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). Copies of the brief and motion were sent to defendant and he was advised that he could submit any points in support of his appeal. He did not respond. Defendant's appointed counsel on appeal was allowed to withdraw representation and we affirmed defendant's conviction. *People v. Phyfiher*, No. 1—02—3287 (2003) (unpublished order pursuant to Supreme Court Rule 23).

Defendant filed a *pro se* postconviction petition alleging the following: (1) defendant was not proven guilty beyond a reasonable doubt; (2) trial counsel was ineffective for failing to exercise defendant's right to a speedy trial and for failing to call witnesses at sentencing; and (3) defendant was denied due process by the denial of his motion for a directed finding on the vehicular hijacking charge. The court dismissed the petition, finding the issues raised by petitioner to be "frivolous and patently without merit." Defendant appeals the summary dismissal of his postconviction petition.

## FACTUAL BACKGROUND

On March 9, 2000, at approximately 1 p.m., Dennis Nannenga, a deliveryman, walked out of a small store in the area of 524 West 71st Street in the City of Chicago and observed his Ford van driving past him. He ran to the passenger door, opened it, and yelled for the driver to stop. The driver increased speed while Nannenga continued to hold on to the door handle.

Chicago police officer John Deheer observed Nannenga holding on to the door of the van and chased the speeding van. After the van

made a sharp turn, Nannenga fell onto the street and a green car struck the front passenger side of the van. The defendant jumped out of the van and began running. Officer Deheer ordered him to stop, but defendant continued to run. Officer Deheer jumped over fences and ran through alleys before catching the defendant. At that point, defendant hit Officer Deheer in the chest. Officer Deheer tackled defendant and then placed him under arrest.

Detective Steven Konow "Mirandized" and interviewed the defendant at the police station. Defendant admitted to driving the van while a white man jumped on the passenger side, hanging on to the door. Defendant indicated he tried to shake the man off by driving side to side. Defendant noticed a squad car with its siren activated and tried to get away; however, after crashing into another car, he jumped from the van and fled. He was caught and handcuffed to a fence by the officer chasing him. The jury found defendant guilty and he was sentenced to 18 years in prison for vehicular hijacking. 720 ILCS 5/18—3 (West 2000). On direct appeal, this court granted defendant's appointed counsel's motion to withdraw representation and affirmed his conviction. Defendant filed a postconviction petition, which was summarily dismissed. Our review of the petition is de novo. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

## POST-CONVICTION HEARING ACT

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 2000)) provides the mechanism by which criminal defendants may challenge their convictions or sentences for violations of federal or state constitutional law. *People v. Tenner*, 175 Ill. 2d 372, 377 (1997). In a noncapital case, the Act provides a *three-stage* procedure for post-conviction relief. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). Various sections of the Act provide guidance for each stage. At stage one, the trial court, without input from the State, examines the petition *only* to determine if the petition pleads a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit. 725 ILCS 5/122—2.1(a)(2), (b) (West 2000); *Boclair*, 202 Ill. 2d at 99. Section 122—2.1 provides guidelines for resolution of a petition at the first stage. 725 ILCS 5/122—2.1 (West 2000).

If the petition is not dismissed at stage one, it proceeds to stage two, where section 122—4 of the Act provides for the appointment of counsel for an indigent defendant who wishes counsel to be appointed. 725 ILCS 5/122—4 (West 2000). At stage two, pursuant to section 122—5, the State has the opportunity to answer or move to dismiss the petition (725 ILCS 5/122—5 (West 2000)), and the circuit court determines whether the petition alleges a substantial showing of a

constitutional violation. *Coleman*, 183 Ill. 2d at 381. Sections 122—4 and 122—5 provide guidelines for resolving a second-stage postconviction petition. At stage one and stage two, the circuit court resolves pleading questions. *Coleman*, 183 Ill. 2d at 385. Under first-stage procedure, as provided by section 122—2.1, or under second-stage procedure, as provided by section 122—5, the circuit court is foreclosed from engaging in any fact-finding because all well-pleaded facts not rebutted by the record, are to be taken as true at stage one and stage two of the postconviction process. *Coleman*, 183 Ill. 2d at 380-81.

If the petition is not dismissed at stage two, it proceeds to stage three for an evidentiary hearing. Section 122—6 provides guidelines for resolution of a petition at stage three. 725 ILCS 5/122—6 (West 2000). At stage three, the circuit court resolves questions of disputed fact. An evidentiary hearing on the petition is required when the allegations of the petition, supported by the trial record and the accompanying affidavits, demonstrate a substantial violation of a constitutional right unrebutted by the record. *People v. Mitchell*, 189 Ill. 2d 312, 322 (2000).

## ANALYSIS

Consistent with the terms of the Act and the purpose of the first stage, we address whether the petition was properly dismissed. The trial court summarily dismissed defendant's petition. On appeal defendant argues that dismissal was improper because it was based on the "procedural ground of waiver rather than on the claim's substantive merits."

Waiver raises questions of procedural compliance not properly the subject of first-stage consideration. *People v. McGhee*, 337 Ill. App. 3d 992, 995 (2003). Waiver does not address the question of whether a claim is frivolous or without merit but, rather, constitutes a procedural bar to defendant's right to prevail on a claim regardless of its substantive merit. *McGhee*, 337 Ill. App. 3d at 995. Unlike waiver, *res judicata* can be the basis for first-stage dismissal. *People v. Etherly*, 344 Ill. App. 3d 599, 613-15 (2003). "If the allegation was raised and ruled upon, then it is rebutted by the record, rendering it frivolous or patently without merit and subject to first-stage dismissal based on *res judicata*. If the allegation was not raised and ruled upon, then it is not rebutted by the record, thereby surviving first-stage dismissal based on *res judicata*." *Etherly*, 344 Ill. App. 3d at 615.

Application of *res judicata* in terms of issues previously litigated substantively does not present questions of procedural compliance, questions of fact, or matters outside the record frequently implicated by waiver and procedural default. *Etherly*, 344 Ill. App. 3d at 613.

Rather, application of *res judicata*, in terms of issues previously litigated, substantively resolves the question of whether a petition is frivolous or patently without merit. *Etherly*, 344 Ill. App. 3d at 613-14.

As recently recognized in *Boclair* regarding the first stage, "At this initial stage of the proceedings, \*\*\* the court should *only* determine whether the petition alleges constitutional deprivations. The process at the summary review stage measures a petition's substantive virtue rather than its procedural compliance." (Emphasis added.) *Boclair*, 202 Ill. 2d at 102; see also *Boclair*, 202 Ill. 2d at 129 (McMorrow, J., specially concurring) (" 'Only' means only"). In measuring the "substantive virtue" of the petition, the issue is whether the petition states a constitutional deprivation that is substantively unrebutted by the record, rendering the petition neither frivolous nor patently without merit. *Etherly*, 344 Ill. App. 3d at 614. The petition may very well allege a constitutional deprivation; however, if that allegation is rebutted by the record, then the petition lacks "substantive virtue" or merit and first-stage dismissal is allowed under the terms of the Act. *Etherly*, 344 Ill. App. 3d at 614.

Regarding whether a first-stage petition is frivolous or patently without merit, section 122—2.1(c) of the Act specifically provides that the court may examine not only the court file, but any action taken by an appellate court. Such examination of the record is designed to assist the circuit court in determining whether the petition states a constitutional deprivation substantively unrebutted by the record rendering the petition neither frivolous nor patently without merit as provided by section 122—2.1(a)(2). Our review of the record, as provided by section 122—2.1(a)(2), demonstrates the trial court's dismissal in the instant case was proper.

We note, in the instant case, regarding the allegations related to the sufficiency of the evidence, the trial court not only based first-stage dismissal on waiver, but made a further finding that "the issues raised and presented by petitioner are frivolous and patently without merit." In fact, after addressing each allegation raised in the petition, the written order dismissing the petition provides in its conclusion that "Based upon the foregoing discussion, the court further finds that the issues raised and presented by petitioner are frivolous and patently without merit." As reflected by the record, the trial judge's conclusion that the issues raised by petitioner were frivolous and patently without merit was correct.

Regarding defendant's conviction for vehicular hijacking, he contends he was not proven guilty beyond a reasonable doubt and his due process right was violated by the court's failure to direct a verdict in his favor on that charge. Vehicular hijacking occurs when a person

does the following: (1) takes a motor vehicle, (2) from the person or immediate presence of another, (3) by the use of force or by threatening the imminent use of force. 720 ILCS 5/18—3 (West 2000).

Defendant relies on *People v. Cooksey*, 309 Ill. App. 3d 839, 847 (1999), in support of his argument that he was not proven guilty beyond a reasonable doubt because the victim was not in the immediate presence of his car when defendant stole the victim's car. In *Cooksey*, defendant demanded car keys from the victim when she was a distance of 25 feet from her car. The *Cooksey* court reversed the defendant's conviction for vehicular hijacking because the State failed to prove that the defendant had stolen the car while the victim was in the immediate presence of her car. *Cooksey*, 309 Ill. App. 3d at 848. In the factual context of the instant case, *Cooksey* is not applicable.

In the instant case, while defendant was in the process of stealing the victim's car, the victim ran toward his van, grabbed the passenger door handle, and yelled for the defendant to stop. Defendant, aware of the victim, admitted to Detective Konow that he tried to shake him off by driving side to side. Defendant drove 60 miles an hour and swerved in the street to shake off the victim. Defendant stole the car while the victim was not only in the presence of his car, but physically holding on to the handle of his car as the vehicular hijacking was in progress. The record directly rebuts the defendant's allegations that he was not proved guilty beyond a reasonable doubt and that his due process right was violated by the court's failure to direct a verdict in his favor on the charge of vehicular hijacking. These allegations are substantively rebutted by the record, rendering the allegations frivolous and patently without merit under section 122—2.1(a)(2).

Defendant further alleges that he was denied effective assistance of trial counsel because counsel allowed his 120-day statutory right to a speedy trial to lapse and counsel failed to call his family members to testify at the sentencing hearing. A defendant under both the United States and Illinois Constitutions has a due process right to the effective assistance of counsel in a criminal prosecution. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. We review this allegation mindful of the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Regarding ineffective assistance of counsel, a defendant must demonstrate both a deficiency in counsel's performance and prejudice resulting from the deficiency. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. To demonstrate performance deficiency, a defendant must establish that counsel's performance was below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Prejudice is demonstrated if there is a

reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. We are mindful that the prejudice component of *Strickland* entails more than an "outcome-determinative test"; rather, the defendant must show deficient performance of counsel rendered the result of the trial unreliable or the proceeding fundamentally unfair. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

Defendant has attached affidavits from his mother and Jona Bowman, the mother of his three children. The trial judge in reviewing these allegations found petitioner failed to show that his counsel's decisions were not tactical or strategic. As previously noted, after a review of the petition and the record, the trial judge concluded the issues raised in the petition were frivolous and patently without merit. The trial judge was in the best position to evaluate the merit of the allegations. The judge who ruled on the petition was the sentencing judge in the instant case.

The record reflects the trial judge at sentencing very carefully considered the aggravation and mitigation, as well as the presentence investigation report and various letters and certificates defendant received during his incarceration in Cook County jail. The presentence report contained detailed information about defendant's personal history. The report reflected defendant had a problem with drugs, but was a good father and loving son. The affidavits attached to the petition from defendant's mother and Jona Bowman provided information similar to the information documented in the presentence investigation report. Their additional testimony would have been essentially cumulative. Trial counsel cannot be faulted for failing to introduce mitigation evidence that was already presented in the report. *People v. Griffin*, 178 Ill. 2d 65, 87-88 (1997) (affirming summary dismissal of postconviction claim of ineffective assistance where evidence from defendant's family, which would have gone to his family ties and lack of a violent disposition, was already presented through the presentence investigation report). Defendant cannot make out a claim of ineffectiveness where the testimony he claims should have been offered was cumulative to evidence already in the record. See *People v. Vernon*, 276 Ill. App. 3d 386, 392-93 (1995) (affirming dismissal of postconviction claim of ineffectiveness where evidence from defendant's daughter and sister, three retired police officers, and a clergyman, who would have testified favorably regarding defendant's character, was cumulative to evidence already in the record).

Moreover, the presentence report reflected that defendant, while incarcerated, attended weekly Bible study and was a leader of the

Bible study and prayer sessions. He received 40 hours of training in floor maintenance. Defendant worked nightly in the jail, cleaning and polishing floors. Sheriff personnel corroborated his good behavior while incarcerated. As previously noted, the trial judge considered these factors as well as the other detailed information provided in the presentence investigation report. The experienced trial judge was in the best position to determine whether the affidavits from defendant's mother and Jona Bowman would have changed his sentencing decision. The record rebuts the allegation that the outcome of sentencing would have been different had these witnesses testified.

The trial court found the speedy-trial allegation meritless. Regarding the speedy-trial allegation, our review of the record reflects that many of the continuances were agreed to by defense counsel, with no demand for trial or objection by defendant indicated on the record. Section 103—5 provides: "Speedy trial. *** Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record." 725 ILCS 5/103—5 (West 2000). The record rebuts defendant's claim that his trial counsel rendered ineffective assistance by agreeing to these continuances. Had trial counsel not agreed to the continuances, the record does not reflect the outcome of trial or sentencing would have been different. Moreover, defendant was given credit for the time he spent in custody while waiting for trial of his case.

For the reasons previously discussed, we affirm dismissal of defendant's *pro se* first-stage petition. The record substantively rebuts the allegations raised in defendant's petition, rendering the petition frivolous and patently without merit.

Affirmed.

McNULTY and TULLY, JJ., concur.