# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Turner*, 2012 IL App (2d) 100819

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HOKE L. TURNER, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0819 |
| Filed<br>Modified on denial<br>of rehearing | June 21, 2012<br><br>July 11, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The State forfeited its argument that defendant's failure to comply with the affidavit requirement of the Post-Conviction Hearing Act warranted dismissal of his postconviction petition by failing to raise the issue in its motion to dismiss the petition, but the dismissal of the petition was upheld on the ground defendant failed to make a substantial showing that his counsel was ineffective in failing to attempt to show the sexual abuse allegations against defendant were fabricated. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 05-CF-3717; the Hon. George Bridges, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Alan D. Goldberg and Jessica D. Pamon, both of State Appellate Defender's Office, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices Hutchinson and Zenoff concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Hoke L. Turner, filed a *pro se* postconviction petition alleging that his counsel was ineffective at his trial on multiple counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)) and criminal sexual assault (720 ILCS 5/12-13(4) (West 2006)) of a young male victim. Defendant argued, *inter alia*, that trial counsel was ineffective for not attempting to show that the abuse allegations had been concocted by the boy's mother in retaliation for her failed romantic relationship with defendant. The petition advanced to the second stage of postconviction proceedings, where the court granted the State's motion to dismiss. The court held that, even if defendant's allegation of the mother's bias were true, trial counsel's failure to present evidence of it was a matter of trial strategy. The court concluded that the omitted evidence could have prejudiced defendant, as the jury might have viewed him as "immoral" because he was married when the alleged affair took place.

¶ 2    Defendant appeals the dismissal, arguing that he is entitled to an evidentiary hearing on the petition because he made a substantial showing of a denial of his right to effective assistance of counsel at trial.[1] The State argues for the first time that the petition was not verified by affidavit as required by section 122-1(b) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(b) (West 2010)) and that therefore the dismissal should be affirmed. Defendant responds that, by failing to challenge the affidavit sooner, the State has forfeited the issue. We agree with defendant that the State has forfeited the issue.

¶ 3    The State alternatively argues that defendant has forfeited his claim of ineffective assistance of trial counsel for failing to raise it in his petition. A review of the petition shows

_____

[1]The petition also alleges claims of ineffective assistance of appellate counsel and prosecutorial misconduct, but his arguments on appeal focus only on the alleged ineffectiveness of trial counsel.

that the State's argument lacks merit. Nevertheless, we hold that the trial court did not err in dismissing the petition on the ground that counsel's omitting the evidence of defendant's romantic relationship with the victim's mother was a matter of trial strategy. We affirm.

¶ 4                                                          I. FACTS

¶ 5     In case No. 05-CF-3717, defendant was charged with three counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)) of Nicholas N., a teenager who was a member of defendant's church group. While the charges were pending, Nicholas alleged additional sexual conduct, and the State filed case No. 06-CF-4064, in which defendant was charged with three counts of criminal sexual assault (720 ILCS 5/12-13(4) (West 2006)). The six charges were tried before one jury.

¶ 6     The trial court entered a directed verdict of not guilty on one count of criminal sexual assault, but the jury found defendant guilty of the five remaining charges. The trial court sentenced defendant to two consecutive 10-year prison terms for criminal sexual assault and three concurrent 5-year prison terms for aggravated criminal sexual abuse.

¶ 7     On direct appeal, defendant argued that (1) the jury should not have heard Nicholas testify about certain uncharged sexual conduct with defendant; (2) the jury should not have heard Jamal T., defendant's stepson, testify about certain details of his sexual encounter with defendant; (3) the aggravated criminal sexual abuse charges and the criminal sexual assault charges should have been tried in separate proceedings; and (4) the jury should have been instructed on the consequences of the directed verdict. Defendant ascribed the alleged errors variously to the trial court, trial counsel, and the prosecutor.

¶ 8     We concluded that the testimony about the uncharged sexual conduct and the joinder of the charges were not reversible errors. We affirmed the aggravated criminal sexual abuse convictions entered in case No. 05-CF-3717. However, we concluded that the court's failure to instruct the jury regarding the directed verdict required a new trial on the two remaining counts of criminal sexual assault that had been brought forth in case No. 06-CF-4064. *People v. Turner*, Nos. 2-07-0101, 2-07-0102 cons. (2008) (unpublished order under Supreme Court Rule 23). Rather than retrying defendant, the State dismissed the two counts of criminal sexual assault.

¶ 9     On October 2, 2009, defendant filed a *pro se* postconviction petition in which he alleged that trial counsel was ineffective for not attempting to establish that Nicholas's allegations had been concocted by the boy's mother, Janet, in retaliation for her failed romantic relationship with defendant. Specifically, defendant alleged that trial counsel failed to call a witness, Danny Myers, who saw sexual activity between defendant and Janet. Counsel also allegedly failed to introduce evidence of a meeting where defendant, defendant's spouse, and defendant's pastor discussed the threat of false allegations. Counsel also allegedly possessed recordings of conversations "that defendant had with [Janet] concerning their relationship and with [Nicholas], stating [Nicholas] had never suffered from the defendant." Defendant further alleged that trial counsel was ineffective for failing to introduce evidence of a residential lease that was relevant to the dates of the alleged offenses, refusing to allow defendant to testify on his behalf, and failing to request a change of venue. Defendant also

alleged ineffectiveness of appellate counsel and prosecutorial misconduct.

¶ 10　　Attached to the petition was a document called "Post-Conviction Petition Affidavit." Citing section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2010)), defendant stated that the contents of the petition were true to the best of his knowledge. The "affidavit" was signed but not notarized.

¶ 11　　On December 28, 2009, the trial court advanced the petition to the second stage of postconviction review, and counsel was appointed to represent defendant. On April 6, 2010, defendant amended his *pro se* petition. To the amended petition, defendant attached another affidavit that was signed but not notarized. The court allowed defendant to discharge his attorney and proceed *pro se*.

¶ 12　　On April 28, 2010, the State moved to dismiss the petition on the grounds that (1) defendant's allegation that trial counsel was ineffective for convincing him not to testify was "*res judicata*" and unsupported, (2) the other claims of ineffective assistance of trial counsel were "*res judicata*," (3) the claim of ineffective assistance of appellate counsel lacked merit, and (4) the claim of malicious prosecution was "*res judicata*" and should have been presented on direct appeal.

¶ 13　　On July 30, 2010, the trial court dismissed the petition with prejudice. In citing the grounds for dismissal, the court stated that, even if the allegation about Janet's bias against defendant were true, trial counsel's failure to present the evidence was a matter of trial strategy. The court concluded that the jury might have viewed defendant as "immoral" because he was married when the alleged affair with Janet took place. Defendant's timely appeal from the dismissal of his *pro se* postconviction petition followed.

## ¶ 14　　II. ANALYSIS

¶ 15　　Defendant appeals the dismissal of his *pro se* postconviction petition at the second stage of postconviction proceedings. First, the parties dispute the consequence of defendant's failure to notarize the affidavit he submitted with the petition. The State argues for the first time that defendant's noncompliance with the affidavit requirement of the Act supports the dismissal. Defendant responds that, by failing to raise the affidavit issue in its motion to dismiss the petition, the State has forfeited any challenge to the defective document. We agree with defendant that the State has forfeited the issue.

¶ 16　　Second, the parties dispute whether defendant is entitled to a reversal of the dismissal and a remand for an evidentiary hearing on his petition. Defendant argues that he has made a substantial showing that he was denied his right to effective assistance of counsel at trial. The State responds that defendant has forfeited *his* claim of ineffective assistance of trial counsel, because he did not raise it on appeal or properly in the petition. We conclude that defendant has not forfeited the issue but that the petition was properly dismissed because defendant failed to make a substantial showing of a denial of his right to effective assistance of counsel.

¶ 17　　A defendant may initiate proceedings under the Act by alleging that "in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both" (725 ILCS 5/122-1(a)(1) (West 2010)). Section 122-1(b) of the Act provides that "[t]he proceeding shall

-4-

be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) *verified by affidavit*." (Emphasis added.) 725 ILCS 5/122-1(b) (West 2010). Defendant submitted an affidavit that was signed but not notarized.

¶ 18     In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition (725 ILCS 5/122-1 *et seq.* (West 2010)). *People v. Jones*, 213 Ill. 2d 498, 503 (2004). At the first stage, "the trial court, without input from the State, examines the petition only to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit." (Emphasis omitted.) *People v. Phyfiher*, 361 Ill. App. 3d 881, 883 (2005). Section 122-2.1 of the Act directs that, if the trial court determines that the petition is frivolous or patently without merit, it shall dismiss it in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2010); *People v. Torres*, 228 Ill. 2d 382, 394 (2008).

¶ 19     If a petition is not dismissed at the first stage, it proceeds to the second stage, at which point section 122-4 of the Act provides for the appointment of counsel for an indigent defendant (725 ILCS 5/122-4 (West 2010)), which happened in this case. At the second stage, the State has the option to either answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2010). The trial court then determines whether the petition alleges a "substantial showing of a constitutional violation." *Phyfiher*, 361 Ill. App. 3d at 883. Here, the State moved to dismiss the petition, but on grounds other than the sufficiency of defendant's affidavit.

¶ 20     If the allegations in the petition, supported by the record and accompanying affidavits, demonstrate a substantial violation of a constitutional right, the petition proceeds to the third stage, at which point the court conducts an evidentiary hearing. *Phyfiher*, 361 Ill. App. 3d at 883-84. A defendant is not entitled to an evidentiary hearing as a matter of right (*People v. Makiel*, 358 Ill. App. 3d 102, 105 (2005)), but rather the defendant must make specific and factual assertions (*People v. Broughton*, 344 Ill. App. 3d 232, 236 (2003)).

¶ 21     In this case, the court dismissed the petition at the second stage of postconviction proceedings. When a postconviction petition is dismissed without an evidentiary hearing, we review the matter *de novo*. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). Dismissal is warranted at the second stage where the defendant's claims, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *Hall*, 217 Ill. 2d at 334. At that stage, the defendant's factual allegations not rebutted by the trial record are taken as true. *Hall*, 217 Ill. 2d at 334.

¶ 22                                             A. Affidavit

¶ 23     On appeal, the State argues for the first time that the dismissal of the petition must be affirmed because defendant failed to comply with section 122-1(b) of the Act, which requires that the petition be "verified by affidavit." 725 ILCS 5/122-1(b) (West 2010). It is well settled that an affidavit filed pursuant to the Act must be notarized to be valid. See, *e.g.*, *People v. Niezgoda*, 337 Ill. App. 3d 593, 597 (2003) ("unless otherwise provided for by a specific supreme court rule or statutory authorization, an affidavit must be notarized to be valid"); see also *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002)

(statements in writing that have not been sworn to before an authorized person cannot be considered as affidavits).

¶ 24    Defendant's affidavit was signed but not notarized. Instead, defendant cited section 1-109 of the Code and stated that the contents of the petition were true to the best of his knowledge. Section 1-109 of the Code provides as follows:

"The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2010).

¶ 25    The appellate court repeatedly has held that, when a defendant files a postconviction petition under the Act and attaches an affidavit that is signed but not notarized, the petition cannot be properly verified pursuant to section 1-109 of the Code. *People v. McCoy*, 2011 IL App (2d) 100424, ¶ 11; *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 16. The affidavit's lack of notarization was not cured by certification under section 1-109 of the Code, and thus the affidavit was not proper under the Act. See *Nitz*, 2011 IL App (2d) 100031, ¶ 16 (a petition under the Act cannot be properly verified pursuant to section 1-109).

¶ 26    Nevertheless, defendant argues that the State forfeited any challenge to the lack of notarization by failing to raise the issue in its motion to dismiss the petition at the second stage of the postconviction proceedings. We agree. We note that courts often use the terms "forfeiture," "waiver," and "procedural default" interchangeably in criminal cases. To promote precision and eliminate confusion, we use the term "forfeiture" or "procedural default" to mean that an issue could have been raised, but was not, and is therefore barred. See *People v. Blair*, 215 Ill. 2d 427, 443-44 (2005).

¶ 27    The appellate court recently has addressed the consequences of invalid affidavits submitted with petitions under the Act. In concluding that the State has forfeited the notarized-affidavit issue, we illustrate how the issue unfolds differently in appeals from first-stage and second-stage dismissals.

¶ 28                    1. Invalid Affidavits and First-Stage Dismissals

¶ 29    In *People v. Carr*, 407 Ill. App. 3d 513 (2011), the *pro se* postconviction petition alleged that Carr pleaded guilty as a result of ineffective assistance of trial counsel. He attached an "affidavit" attesting to the truth of the petition, but the affidavit was not notarized. The trial court dismissed the petition at the first stage, and Carr appealed. Citing the general rule that "[a] trial court properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act," this court affirmed the first-stage dismissal because Carr's noncompliance with section 122-1(b) rendered the affidavit invalid and was a basis for denying relief under the Act. *Carr*, 407 Ill. App. 3d at 515-16. We further commented that the petition's failure to "set forth the respects in which petitioner's

constitutional rights were violated" (725 ILCS 5/122-2 (West 2010)) was an alternative basis for affirming the dismissal. *Carr*, 407 Ill. App. 3d at 516.

¶ 30    Later, in *McCoy*, the trial court dismissed the postconviction petition at the first stage, concluding that the petition failed to state the gist of a claim of ineffective assistance of counsel. McCoy appealed to this court, and the State argued that the petition was not properly verified and that dismissal was therefore appropriate. Consistent with *Carr*, we agreed with the State and affirmed the dismissal, holding that "[t]he lack of notarization of defendant's verification is a basis to affirm the petition's dismissal." *McCoy*, 2011 IL App (2d) 100424, ¶ 10.

¶ 31    However, the First District and the Fourth District have determined that lack of notarization is not a ground for affirming a first-stage dismissal. The Appellate Court, First District, held that, while an affidavit filed pursuant to the Act must be notarized, the mere fact that an affidavit is not notarized does not justify dismissal at the first stage. *People v. Henderson*, 2011 IL App (1st) 090923. The *Henderson* court stressed that the standard for evaluating a postconviction petition at the first stage is whether the petition is "frivolous or patently without merit." *Henderson*, 2011 IL App (1st) 090923, ¶ 33. "[A] petition is frivolous or patently without merit only if it has no arguable basis in law or fact, *i.e.*, the petition is based on an indisputably meritless legal theory or fanciful allegations." *Henderson*, 2011 IL App (1st) 090923, ¶ 33. The *Henderson* court held that "the Act allows summary dismissal only where a defect renders a petition frivolous or patently without merit. By their traditional meaning, we do not find those terms would encompass the mere lack of notarization of a verification affidavit." *Henderson*, 2011 IL App (1st) 090923, ¶ 34. The court was persuaded "that the purposes of the Act and section 122-2.1 would be hindered by preventing petitions which are neither frivolous nor patently without merit from proceeding to the second stage due to the technicality [of not having a notarized affidavit]." *Henderson*, 2011 IL App (1st) 090923, ¶ 35. The court concluded that the notarization issue is a more appropriate objection at the second stage. *Henderson*, 2011 IL App (1st) 090923, ¶ 35; see also *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 72 (adopting the rationale in *Henderson* in declining to follow *Carr*).

¶ 32    In reviewing a first-stage dismissal of a petition with an affidavit that was not notarized, the Appellate Court, Fourth District, followed *Henderson*. *People v. Terry*, 2012 IL App (4th) 100205. The Fourth District held that "[w]hile we recognize that defendant's petition was not notarized, as it should have been, we conclude that the failure to attach a notarized affidavit to a postconviction petition is not an appropriate reason to summarily dismiss the petition at the first stage." *Terry*, 2012 IL App (4th) 100205, ¶ 23.

¶ 33    These cases show the split of authority in the appellate court as to whether a petition lacking a notarized affidavit may be dismissed for that reason at the first stage of postconviction proceedings. Regardless of the split, these appeals from first-stage dismissals share a similarity: the State was permitted to raise the notarization issue for the first time on appeal because it was the earliest opportunity to do so. *Phyfiher*, 361 Ill. App. 3d at 883 (at the first stage, the trial court examines the petition without input from the State). For the following reasons, an appeal from a second-stage dismissal, like this case, is different in that in the proceedings below the State had the opportunity to respond to the petition.

¶ 34                              2. Invalid Affidavits and Second-Stage Dismissals

¶ 35        After we issued *Carr*, we reviewed the second-stage dismissal of a postconviction petition that did not include a notarized affidavit. *Nitz*, 2011 IL App (2d) 100031. Like defendant in this case, Nitz filed "affidavits" mentioning certification under section 1-109 of the Code (735 ILCS 5/1-109 (West 2010)), but none of his affidavits was notarized. The trial court advanced the petition to the second stage and appointed counsel, who filed an amended petition and a second amended petition, neither of which included an affidavit. However, attached to the amended petitions were earlier materials and pleadings from Nitz, including an affidavit that was not notarized but did refer to section 1-109 of the Code. *Nitz*, 2011 IL App (2d) 100031, ¶ 6. The State moved to dismiss the petition on grounds other than the allegedly defective affidavit, and the court granted the motion.

¶ 36        On appeal, the State argued that Nitz's failure to submit a notarized affidavit as required by section 122-1(b) of the Act deprived the trial court and, by extension, this court of jurisdiction. *Nitz*, 2011 IL App (2d) 100031, ¶ 12. We disagreed, concluding that noncompliance with section 122-1(b) was not a jurisdictional defect but, rather, an alternative basis for affirming the dismissal of the petition. *Nitz*, 2011 IL App (2d) 100031, ¶ 12 (citing *Carr*, 407 Ill. App. 3d at 515-16). We further rejected Nitz's assertion that his section 1-109 certification sufficed to satisfy the notarized-affidavit requirement of section 122-1(b) of the Act. *Nitz*, 2011 IL App (2d) 100031, ¶ 16 (section 1-109 applies only to the Code of Civil Procedure and not to the Code of Criminal Procedure of 1963).

¶ 37        Nitz failed to provide a notarized affidavit, and his inclusion of a section 1-109 certification did not cure the defect. Nevertheless, we remanded the cause for the appointment of new counsel to further amend the petition because, unlike Carr's petition, Nitz's petition had advanced to the second stage of postconviction proceedings. Nitz's previously appointed counsel failed to remedy the defective affidavit, and, thus, counsel did not provide adequate representation. *Nitz*, 2011 IL App (2d) 100031, ¶ 19.

¶ 38        Justice Robert D. McLaren, who had concurred in the *Carr* decision, specially concurred in the decision in *Nitz*. Justice McLaren indicated, in pertinent part, that, had the State raised the issue of the notarized-affidavit requirement in the trial court, it could have been addressed and resolved, and he believed that this issue was not properly before the reviewing court in light of the State's procedural default. *Nitz*, 2011 IL App (2d) 100031, ¶¶ 25, 27 (McLaren, J., specially concurring). Justice McLaren opined that the *Carr* decision regarding the unnotarized affidavit had "questionable value with regard to the efficient disposition of postconviction petitions." *Nitz*, 2011 IL App (2d) 100031, ¶ 26 (McLaren, J., specially concurring); see also *People v. Kirkpatrick*, 2012 IL App (2d) 100898, ¶¶ 27-28 (declining to address affidavit issue when the State had not raised it at second stage).

¶ 39        We agree with Justice McLaren's special concurrence and hold in this case that the State procedurally defaulted the issue of the affidavit's lack of notarization, because the State failed to raise the issue in its motion to dismiss. The Illinois Supreme Court has held that, at the first stage, the trial court evaluates only the merits of the petition's substantive claims, and it reserves for the second stage consideration of whether the petition complies with

procedural rules. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). As in *Nitz*, defendant's petition proceeded to the second stage, where counsel was appointed for defendant, who was indigent. See 725 ILCS 5/122-4 (West 2010); *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006).

¶ 40 After the appointment of counsel, Illinois Supreme Court Rule 651(c) requires that counsel: (1) consult with the defendant by mail or in person; (2) examine the record of the challenged proceedings; and (3) make any amendments "that are necessary" to the petition previously filed by the *pro se* defendant. See Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984); *Perkins*, 229 Ill. 2d at 42. Though these requirements did not obligate counsel to advance frivolous or spurious claims, defendant was entitled to a "reasonable" level of assistance of counsel. See *Perkins*, 229 Ill. 2d at 42; *Pendleton*, 223 Ill. 2d at 472.

¶ 41 Thus, at the second stage, appointed counsel owes a duty to remedy procedural defects. For example, our supreme court has interpreted Rule 651(c) to require that appointed counsel "amend an untimely *pro se* petition to allege any available facts necessary to establish that the delay was not due to the petitioner's culpable negligence." *Perkins*, 229 Ill. 2d at 49. The supreme court also has held that the timing requirements of the Act can be forfeited through procedural default by the State. See *People v. Boclair*, 202 Ill. 2d 89, 98 (2002). Likewise, in *Nitz*, we viewed the invalid affidavit as a procedural defect that appointed counsel should have fixed (*Nitz*, 2011 IL App (2d) 100031, ¶ 19), and Justice McLaren persuasively opined that the issue was not properly before us in light of the State's procedural default (*Nitz*, 2011 IL App (2d) 100031, ¶¶ 25, 27 (McLaren, J., specially concurring)).

¶ 42 Like untimeliness, the lack of notarization of defendant's affidavit was a nonjurisdictional procedural defect that appointed counsel should have remedied at the second stage. See *Nitz*, 2011 IL App (2d) 100031, ¶ 12 (an improperly notarized affidavit filed with a petition under the Act does not divest the trial court or appellate court of jurisdiction). However, the State's challenge to defendant's invalid affidavit was forfeited when the State did not raise it in the motion to dismiss.

¶ 43 Appointed counsel did not submit a valid affidavit before defendant discharged him, but the State could have raised the notarization issue in its motion to dismiss, at which point defendant could have sought leave to file a valid affidavit. See *Pendleton*, 223 Ill. 2d at 472 (discussing 725 ILCS 5/122-5 (West 2000)); see also *Perkins*, 229 Ill. 2d at 43. Addressing the defective affidavit at the second stage would have promoted the efficient disposition of the petition. If, as a result of discharging his attorney, defendant could not timely submit a notarized affidavit, the trial court could have dismissed the petition. Thus, defendant's noncompliance with the notarized-affidavit requirement could have resulted in the dismissal of his petition if the State had raised the issue at the second stage.

¶ 44 However, the State did not raise the issue in its motion to dismiss, when it had the opportunity to do so. Thus, the State has procedurally defaulted the issue, and we need not consider whether the second-stage dismissal may be affirmed on that basis.

¶ 45 3. The Split of Authority

¶ 46 Thus far, the appellate court has considered the issue of whether a lack of notarization

of an affidavit verifying a postconviction petition is grounds for affirming the dismissal of the petition at the first stage or second stage of postconviction proceedings. As noted, we agree with Justice McLaren that an invalid affidavit is not a basis for affirming a second-stage dismissal where the State did not raise that defect below. This view is rooted in the notion that an invalid affidavit is a nonjurisdictional procedural defect that the State must raise or forfeit at the second stage. That same notion, however, compels us to agree with *Henderson* and *Terry* that an invalid affidavit is not a basis for a first-stage dismissal. Indeed, the State's ability to forfeit the defect makes an invalid affidavit akin to a petition's untimeliness, which likewise is not a basis for a first-stage dismissal. *Boclair*, 202 Ill. 2d at 99. Just as a petition can have merit despite its untimeliness (*Boclair*, 202 Ill. 2d at 101), so can a petition that is merely unverified (*Henderson*, 2011 IL App (1st) 090923, ¶ 34). Thus, to the extent that they hold to the contrary, we disagree with *Carr* and *McCoy*.

¶ 47                                B. Dismissal

¶ 48     Next, we address defendant's contention that the *pro se* petition makes a substantial showing of a constitutional violation and that therefore we must reverse the second-stage dismissal and remand the cause for an evidentiary hearing. Specifically, defendant argues that trial counsel was ineffective for not attempting to show that the abuse allegations were fabricated due to Janet's failed romantic relationship with defendant, who was married at the time.

¶ 49     Based on an overly technical reading of the *pro se* petition, the State argues that defendant forfeited his claim of ineffective assistance of trial counsel as it relates to Janet's alleged fabrication, and therefore the second-stage dismissal of the petition must be affirmed. The State argues alternatively that the dismissal must be affirmed because trial counsel used other evidence to show that the abuse allegations were fabricated, and therefore counsel was not ineffective for failing to present evidence of Janet's alleged bias.

¶ 50                                1. Forfeiture

¶ 51     Defendant argues that trial counsel rendered ineffective assistance for not attempting to show that the abuse allegations were fabricated due to Janet's failed relationship with defendant. The State responds that defendant forfeited the issue. The purpose of a postconviction proceeding is to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal. Issues that were raised and decided on direct appeal are barred by the doctrine of *res judicata*, and issues that could have been presented on direct appeal, but were not, are forfeited. *People v. Harris*, 206 Ill. 2d 1, 12-13 (2002).

¶ 52     On direct appeal, appellate counsel argued that (1) the jury should not have heard Nicholas testify about certain uncharged sexual conduct with defendant; (2) the jury should not have heard Jamal testify about certain details of his sexual encounter with defendant; (3) the aggravated criminal sexual abuse charges and the criminal sexual assault charges should have been tried in separate proceedings; and (4) the jury should have been instructed on the consequences of the directed verdict. Appellate counsel ascribed the alleged errors variously

to the trial court, trial counsel, and the prosecutor. Thus, on direct appeal, defendant alleged the ineffectiveness of trial counsel, but he did not specify counsel's failure to present evidence of Janet's allegedly retaliatory fabrication as one of the errors.

¶ 53        In Section I of his *pro se* petition, defendant specifically alleged that trial counsel was ineffective for not attempting to establish that the abuse allegations directly resulted from Janet's failed relationship with defendant. Section I cited trial counsel's failure to call a witness, who allegedly had firsthand knowledge of the relationship, as well as his failure to present evidence of defendant, defendant's spouse, and his pastor allegedly meeting to discuss the threat of false allegations. Trial counsel also allegedly possessed recordings of conversations "that defendant had with [Janet] concerning their relationship and with [Nicholas], stating [Nicholas] had never suffered from the defendant."

¶ 54        Defendant's direct appeal contained four claims, none of which dealt with trial counsel's alleged failure to introduce evidence that Janet fabricated the abuse allegations. The State argues that, by failing to mention on direct appeal Janet's alleged fabrication, defendant forfeited the issue. We disagree.

¶ 55        In postconviction proceedings, reviewing courts may relax the forfeiture rule where the defendant's failure to raise an issue on direct appeal is attributable to ineffective assistance of appellate counsel. *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002). In fact, Section II of the *pro se* petition alleged that appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was "ineffective and unprepared for trial, in failing to honor defendant's request to subpoena documents that would challenge the credibility of the complainant and other State's witnesses' statements," including regarding, *inter alia*, cellular telephone records showing that defendant and Janet had a continuous relationship during the time the State claimed they were estranged and defendant was committing the offenses. We conclude that, by alleging the ineffective assistance of appellate counsel in this way, defendant preserved for postconviction consideration the issue of whether trial counsel was ineffective for failing to investigate and present evidence of Janet's alleged fabrication arising from her failed relationship with defendant.

¶ 56                              2. Ineffective Assistance Claim

¶ 57        Although defendant adequately preserved the issue, we determine that the trial court did not err in dismissing the petition, because defendant's claims, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. See *Hall*, 217 Ill. 2d at 334. In this appeal, defendant argues that trial counsel was ineffective for not attempting to show that Janet fabricated the abuse allegations, but defendant abandons the other postconviction claims.

¶ 58        Both the United States and Illinois Constitutions guarantee a defendant the right to effective assistance of counsel. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. The purpose of this guarantee is to ensure that the defendant receives a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). The ultimate focus of the inquiry is on the fundamental fairness of the challenged proceedings. *Strickland*, 466 U.S. at 696. However, there is a strong presumption of outcome reliability, so to prevail, a defendant must show that

counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

¶ 59    Under *Strickland*, defense counsel is ineffective only if (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's error prejudiced the defendant. Failure to establish either prong defeats the claim. *Strickland*, 466 U.S. at 687. A court need not decide whether counsel's performance was deficient before analyzing whether the defendant was prejudiced. *People v. Cortes*, 181 Ill. 2d 249, 295-96 (1998).

¶ 60    The burden is on the defendant to affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The prejudice component of *Strickland* entails more than an "outcome-determinative test"; rather, the defendant must show that the deficient performance of counsel rendered the result of the trial unreliable or the proceeding fundamentally unfair. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

¶ 61    Defendant did not establish that he was prejudiced by trial counsel's performance. The purported evidence about defendant, defendant's spouse, and defendant's pastor meeting to discuss the threat of false allegations would have been inadmissible hearsay at trial. The remaining allegations regarding defendant and Janet's relationship would have been admissible to impeach her testimony at trial, but her testimony was minimal. In summary, Janet testified that Nicholas joined a youth group at Trinity Christian Center, a church in Zion, when he was 13 or 14 years old. Defendant was a youth sponsor for the group. Nicholas spent time with defendant outside of church and became friends with Jamal, who was about Nicholas's age. Nicholas visited defendant and Jamal at defendant's home, where he often spent the night. When Nicholas was 14 or 15, defendant gave him clothes, a cellular telephone, and a funded bank account. In August 2005, Janet contacted the police, who referred her to Mark Pleasant, an investigator assigned to the Lake County Children's Advocacy Center. Thus, Janet's testimony consisted mostly of uncontested facts or testimony that was corroborated by other witnesses.

¶ 62    Furthermore, defendant's allegation that trial counsel possessed recordings of exculpatory conversations was ambiguous. Defendant did not clearly identify whether Janet or Nicholas allegedly stated that Nicholas had not been abused. Further, defendant's ambiguous representation was not supported by an affidavit from any party to the conversations or anyone who heard the recordings, and therefore the allegation was conclusory. Defendant thus did not defeat the presumption that trial counsel decided as a matter of trial strategy to omit the recordings from evidence.

¶ 63    The trial court determined that trial counsel reasonably and strategically chose to refrain from presenting evidence about Janet's alleged affair with defendant, and we agree that the court's determination does not constitute reversible error. Dismissal of the petition was warranted because defendant's factual allegations, even when liberally construed in light of the trial record, failed to make a substantial showing of a constitutional violation. See *Hall*,

217 Ill. 2d at 334. Defendant was not entitled to an evidentiary hearing on the petition.

¶ 64                               III. CONCLUSION

¶ 65        We hold that, by failing to raise the issue in its motion to dismiss at the second stage of postconviction proceedings, the State procedurally defaulted its argument that defendant failed to comply with the notarized-affidavit requirement of the Act. We further hold that the trial court did not err in dismissing the petition without an evidentiary hearing.

¶ 66        For the preceding reasons, the dismissal of defendant's postconviction petition is affirmed.

¶ 67        Affirmed.