# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Cruz*, 2013 IL 113399

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOSE CRUZ, Appellant. |
| Docket No. | 113399 |
| Filed | March 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a postconviction petitioner alleged that his inability to obtain adequate legal advice while incarcerated showed his lack of culpable negligence and excused the late filing of his petition, but the circuit court dismissed for the tardiness, the appellate court should address this issue on the merits on remand and should not have affirmed based on the State's claim of improper notarization. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. William G. Lacy, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Cause remanded. |

| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Pamela M. Rubeo, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant. |
| | |
| | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz and Tracey K. Annen, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Justices | CHIEF JUSTICE KILBRIDE delivered the judgment of the court, with opinion. |
| | Justices Thomas, Garman, Karmeier, and Theis concurred in the judgment and opinion. |
| | Justice Freeman specially concurred, with opinion, joined by Justice Burke. |

**OPINION**

¶ 1    Petitioner Jose Cruz filed a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 1998)), alleging several violations of his constitutional rights. The circuit court of Cook County granted the State's motion to dismiss the petition, finding it was not timely filed and rejecting petitioner's allegations that the delay in filing was not due to his culpable negligence. In affirming the dismissal, the appellate court did not address petitioner's allegations on lack of culpable negligence for the delay in filing. The appellate court instead held that those allegations were a "nullity" because they were included in a supplemental petition filed with an unnotarized affidavit of verification. 2011 IL App (1st) 091944-U.

¶ 2    We allowed petitioner's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Feb. 26, 2010)). We hold that the State forfeited its argument on the absence of a notarized affidavit of verification by failing to raise that claim in the circuit court. Accordingly, we reverse the appellate court's judgment and remand to the appellate court for further review of the trial court's decision on the State's motion to dismiss.

¶ 3                                    I. BACKGROUND

¶ 4    Following a jury trial, petitioner was convicted of first degree murder and attempted first degree murder. On January 30, 1996, the trial court sentenced him to consecutive prison terms of 60 years for murder and 30 years for attempted murder. The appellate court affirmed the trial court's judgment on direct appeal. *People v. Cruz*, No. 1-96-0575 (1998) (unpublished order under Supreme Court Rule 23).

¶ 5   On June 2, 1999, petitioner filed a *pro se* postconviction petition alleging ineffective assistance of trial and appellate counsel. The trial court summarily dismissed the petition as untimely. The appellate court affirmed the summary dismissal of the petition. *People v. Cruz*, 324 Ill. App. 3d 927 (2001).

¶ 6   In the exercise of our supervisory authority, this court directed the appellate court to vacate its judgment and reconsider in light of *People v. Boclair*, 202 Ill. 2d 89 (2002). The appellate court then reversed the summary dismissal of the petition and remanded to the trial court for second-stage postconviction proceedings.

¶ 7   The trial court appointed the public defender to represent petitioner. On petitioner's motion, however, the trial court subsequently discharged the public defender and allowed petitioner to proceed *pro se*. In January 2008, petitioner filed an amended postconviction petition realleging claims of ineffective assistance of trial and appellate counsel. Petitioner also added a claim that the trial court erred in instructing the jury on the factors to consider when weighing identification testimony.

¶ 8   The State filed a motion to dismiss the amended petition. The State alleged that the petition was not timely filed. Alternatively, the State asserted petitioner's claims were barred by waiver or *res judicata*, and the petition failed to make a substantial showing of a constitutional violation.

¶ 9   In response, petitioner filed a supplemental petition containing his allegations that he was not culpably negligent in the untimely filing. Petitioner asserted the delay in filing was not due to his culpable negligence because he is "illiterate in law," has poor comprehension skills, and is not fluent in English. As a result, he was required to rely on the advice of "jailhouse lawyers" and law clerks assigned to the prison law library who incorrectly told petitioner he had six months following the denial of his petition for leave to appeal to file his postconviction petition.

¶ 10   Petitioner further asserted the prison law clerks were not properly trained and he was not given adequate access to the law library or legal materials to prepare his petition in a timely manner. Additionally, petitioner alleged an attorney retained to review his case failed to advise him of the correct filing deadline. Finally, while acknowledging he had not alleged a claim of actual innocence, petitioner asserted the untimeliness of his petition should be excused because he is actually innocent.

¶ 11   Petitioner attached to his supplemental petition a document entitled "Affidavit." The document stated:

> "I, JOSE CRUZ, the Pro Se Defendant in the attached motion for Leave to file Suplement [*sic*]/Amend to the Post Conviction Petition, being first duly sworn upon my oath, do hereby swear under penalty of perjury, that the facts and information contained in the attached motion are true and correct to the best of my knowledge. AFFIANT FURTHER SAYTH [*sic*] NOT."

¶ 12   Petitioner signed the document. He included a space for a date and notary signature, but the document was not dated and there was no notary signature or stamp.

¶ 13   Petitioner later filed a second supplemental petition, adding an allegation that his retained postconviction attorney had a conflict of interest because he also represented the detective

who arrested petitioner. Petitioner alleged his attorney's failures could be attributed to the conflict of interest. In an attached notarized affidavit, petitioner swore that the facts alleged were true and correct to the best of his knowledge.

¶ 14 The State filed a response to the supplemental petitions, contending petitioner's allegations were insufficient to establish that the delay in filing was not due to petitioner's culpable negligence. The State did not assert that petitioner's supplemental petition containing his allegations on lack of culpable negligence was deficient for failure to include a notarized affidavit of verification.

¶ 15 The trial court entered a written order granting the State's motion to dismiss the petition. The trial court concluded that the petition was not timely filed and rejected petitioner's allegations on lack of culpable negligence for the delay in filing. The trial court also rejected petitioner's ineffective assistance of counsel claims on the merits.

¶ 16 On appeal, the State argued for the first time that the dismissal should be affirmed because petitioner failed to attach a notarized verification affidavit to his supplemental petition alleging lack of culpable negligence. Relying on that argument, the appellate court held that section 122-1(b) of the Act requires pleadings to be verified by a notarized affidavit and petitioner's failure to attach a notarized verification affidavit to his first supplemental petition rendered it a "nullity." The properly verified second supplemental petition failed to include allegations on the reasons for the delay in filing. The appellate court concluded that "because [petitioner] filed no notarized affidavit to support the allegations of cause for the delayed filing, the trial court properly dismissed the postconviction petition." 2011 IL App (1st) 091944-U, ¶ 28. Accordingly, the appellate court affirmed the trial court's judgment dismissing the petition as untimely.

¶ 17                                    II. ANALYSIS

¶ 18 The parties agree that petitioner's postconviction petition was not timely. The Act required petitioner to file his petition within three years of the date of his conviction. See 725 ILCS 5/122-1(c) (West 1998) ("No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal *** or 3 years from the date of conviction, whichever is sooner ***."). Petitioner was sentenced on January 30, 1996. His petition was, therefore, due by January 30, 1999, but it was not filed until June 2, 1999. Accordingly, it is undisputed that petitioner failed to file timely his postconviction petition.

¶ 19 The Act, nonetheless, contains a "special safety valve" allowing a petitioner to file an untimely postconviction petition if "the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (West 1998); *People v. Rissley*, 206 Ill. 2d 403, 420-21 (2003). The parties dispute whether under the Act, petitioner's supplemental petition containing his allegations on lack of culpable negligence must be accompanied by a notarized verification affidavit. We need not decide that issue because we agree with petitioner that the State forfeited its argument on the failure to attach a notarized verification affidavit by failing to raise that issue in the trial court.

¶ 20 Generally, an issue not raised in the trial court is forfeited on appeal. *People v. Thompson*, 238 Ill. 2d 598, 612 (2010). Our appellate court recently held that the State

-4-

forfeited a challenge based on a petitioner's failure to notarize a verification affidavit because that issue was not included in its motion to dismiss at the second stage of the postconviction proceedings. *People v. Turner*, 2012 IL App (2d) 100819, ¶ 42. The appellate court reasoned that the failure to notarize a verification affidavit is a procedural defect that may be easily remedied if raised in a timely manner in the trial court. *Turner*, 2012 IL App (2d) 100819, ¶¶ 42, 43.

¶ 21    The *Turner* court noted that in *Boclair*, this court held the Act's timeliness requirement can be procedurally defaulted by the State. *Turner*, 2012 IL App (2d) 100819, ¶ 41 (citing *Boclair*, 202 Ill. 2d at 98). In *Boclair*, this court explained that the State should not be allowed to raise for the first time on appeal a procedural matter that the defendant could have attempted to remedy if the issue had been raised in the trial court. *Boclair*, 202 Ill. 2d at 98. *Turner* held that the same rule should apply to the lack of notarization because, like untimeliness, it is a nonjurisdictional procedural defect subject to procedural default by the State. *Turner*, 2012 IL App (2d) 100819, ¶ 41. The appellate court, therefore, concluded that the petitioner's noncompliance with the section 122-1(b) affidavit requirement was not properly raised for the first time on appeal. *Turner*, 2012 IL App (2d) 100819, ¶ 44.

¶ 22    Here, the State acknowledges it did not raise the issue of the petitioner's alleged noncompliance in the trial court, but raised it for the first time in its brief on appeal. Prior to the appeal, the focus was on whether petitioner's allegations in his supplemental petition were sufficient to establish a lack of culpable negligence for the delay in filing. The trial court decided petitioner's allegations were insufficient to establish a valid excuse for the delay. The State's failure to raise in the trial court the issue on the unnotarized verification affidavit deprived that court of the opportunity to consider the issue. Petitioner may have been given the opportunity to correct the alleged pleading deficiency if it had been raised in a timely manner.

¶ 23    We conclude that to preserve this issue for review, the State should have raised it in its motion to dismiss. Pleadings filed at the second stage of postconviction proceedings are governed by section 122-5 of the Act. Section 122-5 provides that:

> "Within 30 days after the making of an order pursuant to subsection (b) of Section 122-2.1, or within such further time as the court may set, the State shall answer or move to dismiss. In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial. No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party. The court may in its discretion grant leave, at any stage of the proceeding prior to entry of judgment, to withdraw the petition. The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time of filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 1998).

¶ 24    Section 122-5, therefore, provides the State the option of filing an answer or a motion to dismiss the petition. Here, the State filed a motion to dismiss. In this case, the unnotarized verification affidavit was attached to petitioner's supplemental petition alleging his lack of

culpable negligence for the delay in filing. The supplemental petition was submitted in response to the State's motion to dismiss the petition as untimely. Accordingly, the notarization issue could not have been raised by the State in its original motion to dismiss because the unnotarized affidavit was not submitted until later. The State, nevertheless, could have sought to amend its motion to dismiss to include the issue. Section 122-5 allows for "amendment of the petition or any other pleading" within the discretion of the trial court. 725 ILCS 5/122-5 (West 1998). We also note that the State did not include the issue in its response to the supplemental petition.

¶ 25        We hold that the State forfeited its argument challenging the supplemental petition based on the unnotarized verification affidavit by failing to raise that issue in the trial court. Petitioner asks this court to remand to the appellate court to consider his claims on lack of culpable negligence alleged in his supplemental petition. We agree that the appellate court should initially consider the merits of those allegations, along with any other issues raised in the appeal of the trial court's decision granting the State's motion to dismiss. We, therefore, remand this cause to the appellate court for further review of the trial court's ruling on the State's motion to dismiss.

¶ 26                                III. CONCLUSION

¶ 27        For the foregoing reasons, we reverse the appellate court's judgment and remand to the appellate court for further review of the trial court's decision granting the State's motion to dismiss.

¶ 28        Appellate court judgment reversed.

¶ 29        Cause remanded.

¶ 30        JUSTICE FREEMAN, specially concurring:

¶ 31        I agree with the court's judgment. I write separately in order to make a few observations about proper motion practice under the Act.

¶ 32        The court correctly notes the importance of section 122-5 of the Act to this case. Indeed, that section reveals that the legislature intended that, once the State enters the case, the matter is to proceed as it would in any adversarial civil case. 725 ILCS 5/122-5 (West 2010). To that end, it is perhaps helpful to think of the petition initially filed to commence a postconviction proceeding as functioning in many ways like a complaint does in a civil case.

¶ 33        Here, the State sought dismissal of the initial petition on the grounds that it lacked the required allegations of culpable negligence. In response, petitioner filed a "supplemental petition" that contained the requisite allegations, albeit lacking a supporting affidavit. The better practice would have been for the parties to have let the circuit court rule on the State's motion and the original petition. Section 122-5 allows the court to have dismissed the original, deficient petition with leave to amend it to include the missing culpable-negligence allegations. Alternatively, petitioner could have sought leave of court to file an amended petition, as section 122-5 allows. At that point, the State could then have challenged the

-6-

sufficiency of the petitioner's new pleading in a new motion to dismiss or filed an answer. By proceeding in either manner, the case would have advanced in a way much more consistent with section 122-5.

¶ 34　　　Given the language of section 122-5, I encourage bench and bar to litigate second-stage proceedings with an eye toward proper, civil motion practice. In my view, had that occurred here, it is possible the two rounds of appeals that have taken place could have been avoided.

¶ 35　　　JUSTICE BURKE joins in this special concurrence.