# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hommerson*, 2013 IL App (2d) 110805

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PETER HOMMERSON, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0805 |
| Filed | January 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's *pro se* postconviction petition alleging ineffective assistance of his trial counsel was upheld on the ground that defendant failed to file an affidavit attesting to the veracity of the petition's contents pursuant to section 122-1(b) of the Post-Conviction Hearing Act, since the absence of verification by an affidavit permits the inference that the allegations are neither truthful nor brought in good faith and that inference allows dismissal on the basis that the allegations are frivolous and patently without merit. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 96-CF-544; the Hon. John T. Phillips, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Thomas A. Lilien and Kathleen J. Hamill, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer, Edward R. Psenicka, and Jay Paul Hoffmann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justice Jorgensen concurred in the judgment and opinion.
Presiding Justice Burke dissented, with opinion.

**OPINION**

¶ 1    The defendant, Peter Hommerson, filed a *pro se* postconviction petition, alleging that trial counsel was ineffective at his trial, at which he was found guilty of the first-degree murders of Marvin and Kay Lichtman. The defendant argued, *inter alia*, that trial counsel was ineffective for failing to impeach prosecution witnesses, investigate and call other witnesses whose testimony would have refuted the State's witnesses' claims, present exculpatory evidence, challenge a search warrant, and move to dismiss the charges on speedy trial grounds. The defendant also cited counsel's failure to report prosecutorial misconduct and alleged that both defense counsel and the prosecutor withheld evidence that would have established his innocence. Relying on this court's opinion in *People v. Carr*, 407 Ill. App. 3d 513, 515 (2011), the trial court summarily dismissed the petition solely because the petition lacked a valid, notarized affidavit attesting to the veracity of its contents, as required by section 122-1(b) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(b) (West 2010)).

¶ 2    The defendant now appeals the dismissal of his *pro se* postconviction petition, contending that in light of this court's recent opinion in *People v. Turner*, 2012 IL App (2d) 100819, which was published after *Carr*, the lack of a notarized section 122-1(b) affidavit is an inappropriate basis for a first-stage dismissal of a postconviction petition and therefore the trial court erred in dismissing his petition solely on this basis. The State urges us to adhere to our decision in *Carr* and to affirm the dismissal of the defendant's petition. We agree with the State and therefore affirm the trial court's decision.

¶ 3                                     ANALYSIS

¶ 4    The defendant appeals the dismissal of his *pro se* postconviction petition at the first stage of postconviction proceedings. In dismissing the petition, the trial court cited *Carr* for ruling that a lack of notarization of an affidavit verifying a postconviction petition is grounds for dismissal of a petition at the first stage of postconviction proceedings. After *Carr* was issued, this court, in *Turner*, again examined the dismissal of a postconviction petition, but in the

-2-

context of the *second stage* of postconviction proceedings. This court also considered whether the State had forfeited the argument that the defendant's noncompliance with the Act's verification requirement supported the trial court's dismissal. The *Turner* court held that the State had forfeited any challenge to the defective document. *Turner*, 2012 IL App (2d) 100819, ¶ 15. The *Turner* court's conclusion was rooted in the notion that an invalid affidavit is a nonjurisdictional procedural defect that the State must raise or forfeit at the second stage of postconviction proceedings. *Id.* ¶ 46. In so ruling, the *Turner* court noted that its decision was consistent with other districts' case law holding that an invalid affidavit is not a basis for a first-stage dismissal. *Id.*

¶ 5    The State correctly asserts that the language in *Turner* is *dicta* and is therefore of questionable precedential value. More importantly, the State insists that *Turner* is distinguishable from *Carr*, which applies to first-stage dismissals based upon lack of notarization. Thus, we must determine whether to apply *Carr* or *Turner*.

¶ 6    We turn first to a review of proceedings under the Act. A defendant may initiate proceedings under the Act by alleging that, "in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both" (725 ILCS 5/122-1(a)(1) (West 2010)). Section 122-1(b) of the Act provides that "[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) *verified by affidavit*." (Emphasis added.) 725 ILCS 5/122-1(b) (West 2010). Here, the defendant acknowledges that when he filed his *pro se* petition it was not verified by a notarized affidavit.

¶ 7    In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition (725 ILCS 5/122-1 *et seq.* (West 2010)). *People v. Jones*, 213 Ill. 2d 498, 503 (2004). In the first stage, the trial court determines whether the postconviction petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). The State does not have an opportunity to raise any arguments against the petition during this summary review stage. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). The trial court is required, within 90 days, to make an independent assessment in the summary review stage as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. The court is foreclosed from engaging in any fact finding or any review of matters beyond the petition's allegations. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998). To survive dismissal at this stage, the petition must present only "the gist of a constitutional claim." *Gaultney*, 174 Ill. 2d at 418. If the petition is found to be "frivolous" or "patently without merit," the court "shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2010). If the petition survives the initial stage, the court may appoint counsel to represent an indigent defendant, and counsel will have an opportunity to amend the petition. 725 ILCS 5/122-4 (West 2010); *People v. Watson*, 187 Ill. 2d 448, 451 (1999). The State then may file an answer or a motion to dismiss the petition. 725 ILCS 5/122-5 (West 2010); *Gaultney*, 174 Ill. 2d at 418. If the State does not file a motion to dismiss or if the trial court denies the State's motion, the petition will proceed to the third stage and the court will conduct an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2010).

¶ 8        Here, the trial court dismissed the petition without rendering a determination of whether the petition was frivolous or patently without merit. Instead, relying on *Carr*, the court dismissed the petition for lack of notarization.

¶ 9        In *Carr*, the *pro se* postconviction petition alleged that the defendant pleaded guilty as a result of ineffective assistance of trial counsel. He attached an affidavit that was not notarized. The trial court dismissed the petition at the first stage, and the defendant appealed. Citing the general rule that "[a] trial court properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act," we affirmed the first-stage dismissal because the defendant's noncompliance with section 122-1(b) was a basis for denying relief under the Act. *Carr*, 407 Ill. App. 3d at 515-16. However, we found an alternative reason for affirming the dismissal, based on the petition's failure to " 'set forth the respects in which petitioner's constitutional rights were violated.' " *Id.* at 516 (quoting 725 ILCS 5/122-2 (West 2008)).

¶ 10       *People v. McCoy*, 2011 IL App (2d) 100424, followed *Carr*. In that case, the trial court dismissed the postconviction petition at the first stage, concluding that the petition failed to state the gist of a claim of ineffective assistance of counsel. The defendant appealed, and the State argued that the petition was not properly verified and that dismissal was therefore appropriate. Specifically relying on *Carr*, we agreed with the State and affirmed the dismissal, holding that "[t]he lack of notarization of defendant's verification is a basis to affirm the petition's dismissal." *Id.* ¶ 10.

¶ 11       *Carr* and *McCoy* are both consistent with our supreme court's decision in *People v. Boclair*, 202 Ill. 2d 89 (2002). In *Boclair*, the supreme court emphasized that a petition could be dismissed at the first stage only if it is "frivolous or patently without merit." *Id.* at 101. Thus, to dismiss a postconvinction petition at the first stage on a procedural ground, such as untimeliness, would be improper. *Id.* However, whether a defendant's postconviction petition is verified by an affidavit goes to the very heart of whether his allegations are frivolous or patently without merit. The purpose of requiring an affidavit pursuant to section 122-1(b) is to "confirm[ ] that the allegations are brought truthfully and in good faith." *People v. Collins*, 202 Ill. 2d 59, 67 (2002). If the allegations are not verified by an affidavit, the logical inference is that the allegations are neither truthful nor brought in good faith. Allegations that are untruthful or are not brought in good faith are frivolous and patently without merit. Thus, where a defendant's petition is not verified by a section 122-1(b) affidavit, the trial court may properly dismiss the petition on that basis.

¶ 12       We also note that *Carr* and *McCoy* are not inconsistent with our supreme court's decision in *Coleman*. In *Coleman*, as stated above, the supreme court stated that a trial court should take as true the allegations that a defendant makes in his petition. *Coleman*, 183 Ill. 2d at 380-81. In that case, as the supreme court did not comment on the defendant's section 122-1(b) affidavit, it can be inferred that the affidavit complied with the Act. Thus, in context, *Coleman* provides that, where a defendant files a proper section 122-1(b) affidavit swearing that his allegations are true, the trial court should in fact take those allegations as true. Here, as the defendant did not file a proper section 122-1(b) affidavit, the trial court was not required to and should not have taken the defendant's allegations as being truthfully made.

¶ 13        Cases that have rejected *Carr* and *McCoy* are based on the premise that the affidavit requirement of section 122-1(b) is nothing more than a procedural requirement or a "technicality." See *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 17; *People v. Parker*, 2012 IL App (1st) 101809, ¶¶ 74-77; *Turner*, 2012 IL App (2d) 100819, ¶ 31; *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 35; *People v. Wilborn*, 2011 IL App (1st) 092802, ¶ 72; *People v. Terry*, 2012 IL App (4th) 100205, ¶ 23. The analysis in those cases is flawed for at least two reasons. First, those cases render the section 122-1(b) affidavit requirement surplusage. This runs afoul of the well-established principle of statutory construction that requires a statute to be interpreted such that none of its parts are rendered mere surplusage. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010). Second, by eviscerating the requirement that a defendant verify that his allegations are not fabricated, those cases essentially allow a defendant to allege anything that guarantees that his petition will proceed to the second stage under the Act. In other terms, under that case law, a trial court cannot consider whether the defendant is willing to verify that his allegations are true until the second stage of the proceedings. We believe that this thwarts the intent of the legislature, as petitions that it intended for dismissal at the first stage–those that are frivolous or patently without merit when only the allegations grounded in truth are considered–are advanced to the second stage.

¶ 14                                CONCLUSION

¶ 15        Accordingly, as we believe that *Carr* and *McCoy* are better reasoned and more consistent with supreme court precedent and the purposes of the Act, we continue to adhere to those authorities. We therefore affirm the trial court's decision to dismiss the defendant's petition due to the defendant's failure to verify his petition with a proper section 122-1(b) affidavit.

¶ 16        Affirmed.

¶ 17        PRESIDING JUSTICE BURKE, dissenting.

¶ 18        I respectfully dissent. As I wrote in *Turner*, a defendant's failure to verify his postconviction petition with a section 122-1(b) affidavit is a nonjurisdictional procedural defect. *Turner*, 2012 IL App (2d) 100819, ¶ 42. Today, the majority elevates a dismissal for the lack of such an affidavit to a decision on the merits of the petition. Pursuant to this holding, a petition, no matter how patently meritorious, is deemed frivolous or patently without merit simply because an incarcerated defendant failed to garner a notary seal.

¶ 19        The supreme court has stated that, since most petitions are initially drafted by defendants with little legal knowledge or training, the threshold for first-stage survival is low. *People v. Hodges*, 234 Ill. 2d l, 9 (2009). Further, at the first stage, the trial court evaluates *only* the merits of the petition's substantive claims and it reserves for the second stage whether the petition complies with procedural rules. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). The majority holds that a petition without a notarized affidavit contains absolutely no reviewable substantive claims. This runs contrary to the supreme court's relaxation of the threshold requirements for a petition to advance to the second stage, and completely disregards the

practical considerations of prison inmates attempting to obtain notarized affidavits. See *Henderson*, 2011 IL App (1st) 090923, ¶ 36.

¶ 20    The majority finds the analyses in *Turner*, *Henderson*, *et al.* flawed for two reasons. First, the majority finds that the holdings in those cases render the section 122-1(b) affidavit requirement surplusage. However, this is inaccurate, as those cases simply shift consideration of the affidavit requirement to the second stage, where any deficiency in the petition may be rectified or the petition may be dismissed. Since the majority does not hold that this requirement is jurisdictional (see *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 12), there is no bar to enforcing the requirement at the second stage. This certainly would comply with the supreme court's directive that a trial court should evaluate only the petition's merits at the first stage of the proceedings. See *Perkins*, 229 Ill. 2d at 42.

¶ 21    Second, the majority finds that those cases eviscerate the section 122-1(b) affidavit requirement, allowing a defendant to allege anything that guarantees that the petition will proceed to the second stage. In *Hodges*, the supreme court addressed this exact concern when it recognized that the low threshold for first-stage review does not absolve a *pro se* petitioner from providing factual detail surrounding the alleged constitutional violation. *Hodges*, 234 Ill. 2d at 10. Further, factual allegations in a petition must be supported by section 122-2 affidavits. 725 ILCS 5/122-2 (West 2010). A petition is subject to first-stage dismissal if not supported by such affidavits unless the allegations stand uncontradicted and are clearly supported by the record. *Carr*, 407 Ill. App. 3d at 516 (citing *People v. Johnson*, 183 Ill. 2d 176, 191 (1998)). Therefore, a petition will not simply march forward to the second stage on the basis of spurious unsupported allegations.

¶ 22    In *Boclair*, the supreme court determined that the issue of the untimeliness of a postconviction petition should be left for the State to raise during second-stage proceedings. *Boclair*, 202 Ill. 2d at 102. The court found that a first-stage dismissal would usurp the State's prerogative to proceed on the petition despite procedural flaws. *Id.* Likewise, in the present case, the State certainly would have the prerogative to proceed on the merits of the petition despite the lack of a section 122-1(b) affidavit.

¶ 23    Further, the court in *Boclair* noted that the summary dismissal of a petition claiming actual innocence on the procedural ground of untimeliness could lead to a miscarriage of justice. *Id.* The court stated, "Although our criminal justice system needs finality in criminal litigation and judgments, it should not come at the expense of justice and fairness." *Id.* It is difficult to see how a petition raising a cognizable claim of actual innocence, but failing to include a section 122-1(b) affidavit, should be treated differently than the facially untimely petitions in *Boclair*.

¶ 24    Considering the purposes of the Act and the supreme court's directives concerning first-stage review, the lack of a section 122-1(b) affidavit is a nonjurisdictional procedural defect that can be addressed during second-stage proceedings. To hold otherwise would result in a patently meritorious petition being dismissed on the merits solely for want of a section 122-1(b) affidavit. This would truly elevate form over substance to new heights.