# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Cage*, 2013 IL App (2d) 111264

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KERRY CAGE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-1264 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's postconviction petition on the ground that it was not verified by a notarized affidavit pursuant to section 122-1(b) of the Post-Conviction Hearing Act was reversed, since an invalid affidavit is not a basis for a first-stage dismissal of a postconviction petition. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 06-CF-1897; the Hon. Timothy Q. Sheldon, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Thomas A. Lilien and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE HUTCHINSON delivered the judgment of the court, with opinion. |
| | Justices Zenoff and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Kerry Cage, appeals from the summary dismissal of his petition filed under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2010)) on the basis that the petition was not verified by a notarized affidavit as required by section 122-1(b) of the Act (725 ILCS 5/122-1(b) (West 2010)). We hold that the failure to provide a notarized affidavit is not a sufficient basis for summary dismissal. Accordingly, we reverse and remand for further proceedings.

¶ 2                      I. BACKGROUND

¶ 3     On June 19, 2007, defendant was convicted of three counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 2006)), one count of robbery (720 ILCS 5/18-1(a) (West 2006)), and one count of obstructing justice (720 ILCS 5/31-4(a) (West 2006)). He was sentenced to 34 years' incarceration.

¶ 4     On July 15, 2011, defendant filed a *pro se* postconviction petition, alleging ineffective assistance of counsel. Defendant attempted to verify the petition with an unnotarized certification under section 1-109 of the Code of Civil Procedure (the Code) (735 ILCS 5/1-109 (West 2010)).

¶ 5     On September 19, 2011, the trial court summarily dismissed the petition pursuant to *People v. Carr*, 407 Ill. App. 3d 513, 515-16 (2011), for defendant's failure to verify the petition with a notarized affidavit. On October 19, 2011, defendant moved to reconsider and included a notarized affidavit. The motion was denied, and defendant timely appeals.

¶ 6                      II. ANALYSIS

¶ 7     Since *Carr*, this court has been split on the issue of whether the failure to provide a notarized affidavit is a sufficient basis for a summary dismissal. Compare *People v. Turner*,

2012 IL App (2d) 100819, with *People v. McCoy*, 2011 IL App (2d) 100424. Defendant contends that, under *Turner*, an invalid affidavit is not a sufficient basis. We agree.

¶ 8    "A defendant may initiate proceedings under the Act by alleging that 'in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both [citation].' " *Turner*, 2012 IL App (2d) 100819, ¶ 17 (quoting 725 ILCS 5/122-1(a)(1) (West 2010)). "Section 122-1(b) of the Act provides that '[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) *verified by affidavit*.' " (Emphasis in original.) *Id.* (quoting 725 ILCS 5/122-1(b) (West 2010)).

¶ 9    "In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition [citation]." *Id.* ¶ 18. "At the first stage, 'the trial court, without input from the State, examines the petition only to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit.' " *Id.* (quoting *People v. Phyfiher*, 361 Ill. App. 3d 881, 883 (2005)). "Section 122-2.1 of the Act directs that, if the trial court determines that the petition is frivolous or patently without merit, it shall dismiss it in a written order." *Id.* (citing 725 ILCS 5/122-2.1(a)(2) (West 2010)). We review *de novo* the first-stage dismissal of a postconviction petition. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 10    Here, defendant's affidavit was signed but not notarized. Instead, defendant cited section 1-109 of the Code and stated that the contents of the petition were true to the best of his knowledge. Section 1-109 provides as follows:

"The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2010).

¶ 11    In *Carr*, the defendant filed a *pro se* postconviction petition and attached an unnotarized "affidavit" attesting to the truth of the petition. The trial court dismissed the petition at the first stage, and a panel of this court affirmed. Citing to the general rule that "[a] trial court properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act," the panel held that noncompliance with section 122-1(b) rendered the petition invalid and was a basis for denying relief under the Act. *Carr*, 407 Ill. App. 3d at 515-16. Later, in *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 16, a panel of this court held that a postconviction petition cannot be verified under section 1-109 of the Code. Then, in *McCoy*, a panel of this court held that a petition accompanied by a notarized affidavit was necessary to commence proceedings under the Act. *McCoy*, 2011 IL App (2d) 100424, ¶ 10. Recently, a split panel of this court reaffirmed the views taken in *Carr* and *McCoy*, stating that holding otherwise would render the section 122-1(b) affidavit requirement surplusage

and essentially allow a defendant to allege anything that would allow the petition to proceed to the second stage. *People v. Hommerson*, 2013 IL App (2d) 110805, ¶ 13.

¶ 12    However, the First and Fourth Districts have determined that the mere fact that a verification affidavit is not notarized does not justify dismissal at the first stage. *People v. Terry*, 2012 IL App (4th) 100205; *People v. Henderson*, 2011 IL App (1st) 090923. The *Henderson* court stressed that the standard for evaluating a postconviction petition at the first stage is whether the petition is "frivolous or patently without merit," meaning that "it has no arguable basis in law or fact, *i.e.*, the petition is based on an indisputably meritless legal theory or fanciful allegations." *Henderson*, 2011 IL App (1st) 090923, ¶ 33. The *Henderson* court held that those terms would not encompass the mere lack of notarization of a verification affidavit. *Id.* ¶ 34. The court further observed "that the purposes of the Act and section 122-2.1 would be hindered by preventing petitions which are neither frivolous nor patently without merit from proceeding to the second stage due to the technicality [of not having a notarized affidavit]" and concluded that the notarization issue is a more appropriate objection at the second stage. *Id.* ¶ 35. Likewise, the Fourth District held in *Terry* that the failure to attach a notarized verification affidavit to a postconviction petition is not an appropriate reason to dismiss the petition at the first stage. *Terry*, 2012 IL App (4th) 100205, ¶ 23.

¶ 13    In *Turner*, a panel of this court addressed the dismissal of a petition at the second stage. The panel agreed with the courts in *Henderson* and *Terry*, along with the special concurrence of Justice McLaren in *Nitz*, and determined that the State procedurally defaulted the issue of an unnotarized affidavit by failing to raise it in a motion to dismiss at the second stage. *Turner*, 2012 IL App (2d) 100819, ¶ 39. The panel further found that the matter was a nonjurisdictional procedural defect that should have been remedied by the defendant's counsel at the second stage. *Id.* ¶ 42. The panel also agreed with *Henderson* and *Terry* that an invalid affidavit was not a basis for a first-stage dismissal, stating:

"Indeed, the State's ability to forfeit the defect makes an invalid affidavit akin to a petition's untimeliness, which likewise is not a basis for a first-stage dismissal. [Citation.] Just as a petition can have merit despite its untimeliness [citation], so can a petition that is merely unverified [citation]. Thus, to the extent that they hold to the contrary, we disagree with *Carr* and *McCoy*." *Id.* ¶ 46.

See also *People v. Gardner*, 2013 IL App (2d) 110598, ¶ 14; *Hommerson*, 2013 IL App (2d) 110805, ¶ 24 (Burke, P.J., dissenting).

¶ 14    We agree with the reviewing courts in *Henderson*, *Terry*, and *Turner* and hold that an invalid affidavit is not a basis for a first-stage dismissal of a postconviction petition. To the extent they hold otherwise, we disagree with *Carr*, *McCoy*, and *Hommerson*.

¶ 15    We find support for our determination in our supreme court's recent decision in *People v. Cruz*, 2013 IL 113399. In *Cruz*, the defendant filed a petition seeking relief under the Act. The case proceeded to the second stage, and the State moved to dismiss, arguing, *inter alia*, untimeliness; the trial court granted the State's dismissal motion. *Id.* ¶¶ 8, 15. The defendant appealed, and the State argued for the first time that the trial court's dismissal should be affirmed because the defendant failed to attach a notarized affidavit to his *pro se*

supplemental petition alleging a lack of culpable negligence. *Id.* ¶ 16. The appellate court agreed with the State, concluding that, " 'because [the defendant] filed no notarized affidavit to support the allegations of cause for the delayed filing, the trial court properly dismissed the postconviction petition.' [Citation.]" *Id.*

¶ 16 The supreme court, however, reversed and held that the State forfeited its argument regarding the lack of notarization by its failure to raise it in the trial court. *Id.* ¶ 25. In so reversing, the supreme court instructed the appellate court to consider the merits of the defendant's allegations, along with any other issues raised in the appeal of the trial court's decision, such as the lack of culpable negligence. *Id.*

¶ 17 In the present case, the trial court summarily dismissed on the basis that the petition was not verified by an affidavit. Consistent with our analysis and our supreme court's instruction in *Cruz*, the trial court should consider the merits of defendant's postconviction petition as set forth in the Act. See 725 ILCS 5/122-2.1 (West 2010); see also *Turner*, 2012 IL App (2d) 100819, ¶¶ 17-18. Accordingly, we reverse and remand.

¶ 18                                          III. CONCLUSION

¶ 19 The trial court erred when it summarily dismissed defendant's petition. We therefore reverse the judgment of the circuit court of Kane County and remand the cause for further proceedings.

¶ 20 Reversed and remanded.