# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. House, 2013 IL App (2d) 120746**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER R. HOUSE, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0746 |
| Filed | November 20, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's postconviction petition on the ground that the petition was not verified by a notarized affidavit was reversed and the cause was remanded for second-stage proceedings, since a postconviction petition's lack of proper verification is not an appropriate reason for a dismissal at the first stage of postconviction proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 06-CF-66; the Hon. Timothy Q. Sheldon, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Alan D. Goldberg and Daniel T. Mallon, both of State Appellate
Defender's Office, of Chicago, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M.
Bauer and Joan M. Kripke, both of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Burke concurred in the judgment and opinion.
Justice Schostok dissented, with opinion.

**OPINION**

¶ 1    Defendant, Christopher House, appeals the trial court's summary dismissal of his petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)). Applying *People v. Carr*, 407 Ill. App. 3d 513, 515-16 (2011), the trial court dismissed the petition because it was not verified by a notarized affidavit. The court made no determinations on the merits. We reverse and remand to the trial court for second-stage proceedings.

¶ 2                          I. BACKGROUND

¶ 3    In September 2006, defendant was convicted of first-degree murder. On October 7, 2011, he filed a *pro se* postconviction petition alleging various claims, including claims that his trial counsel was ineffective for failing to file a motion to quash his arrest and suppress evidence based on a lack of probable cause, failing to move to dismiss the indictment because he was initially charged by complaint and the indictment was not obtained within 30 days of his arrest, and failing to challenge whether the State exercised due diligence in obtaining DNA testing. In support of those arguments, defendant attached police reports, records showing the dates of the complaint and the indictment, and lab reports noting dates relevant to the due diligence claim. Defendant also alleged that his counsel wrongly told him not to testify, failed to properly investigate, and failed in a number of other respects. He further made various allegations concerning his appellate counsel. Defendant stated that he was unable to obtain an affidavit from his trial counsel. He then included unnotarized statements from witnesses to support his claims. Those statements included certifications under section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2010)). In his petition, defendant stated that the prison refused to notarize those materials, but he did not explain why the witnesses could not obtain their own notarizations. Defendant also

-2-

included an unnotarized verification, with a section 1-109 certification. He stated that the prison paralegal refused to notarize his documents despite the fact that he repeatedly asked the person to do so.

¶ 4        On December 14, 2011, the trial court summarily dismissed the petition because it was not verified by a notarized affidavit. Defendant moved to reconsider, arguing that it was a posted prison policy that prison staff would not notarize affidavits, postconviction petitions, or documents regarding postconviction petitions. He alleged that he sought notarization and was refused. The motion was denied, and defendant appeals.

¶ 5                                II. ANALYSIS

¶ 6        Defendant contends that the trial court erred when it summarily dismissed his petition based on the lack of a notarized verification affidavit. The State contends, citing to *Carr*, that a petition filed under the Act must be verified by affidavit (725 ILCS 5/122-1(b) (West 2010)) and that the failure to do so justifies a summary dismissal.

¶ 7        Since *Carr*, this court has been split on whether the failure to provide a notarized verification affidavit is a sufficient basis for a summary dismissal. Compare *People v. Turner*, 2012 IL App (2d) 100819, with *People v. McCoy*, 2011 IL App (2d) 100424. Our supreme court has granted leave to appeal on the issue, but has not yet ruled on it. *People v. Hommerson*, 2013 IL App (2d) 110805, *appeal allowed*, No. 115638 (Ill. May 29, 2013).

¶ 8        A defendant may initiate proceedings under the Act by alleging that, in the proceedings that resulted in his or her conviction, there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both. *People v. Cage*, 2013 IL App (2d) 111264, ¶ 8. Under section 122-1(b) of the Act, " '[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) *verified by affidavit*.' " (Emphasis in original.) *Id.* (quoting 725 ILCS 5/122-1(b) (West 2010)).

¶ 9        "In noncapital cases, the Act establishes a three-stage process for adjudicating a postconviction petition [citation]." *Turner*, 2012 IL App (2d) 100819, ¶ 18. "At the first stage, 'the trial court, without input from the State, examines the petition only to determine if [it alleges] a constitutional deprivation unrebutted by the record, rendering the petition neither frivolous nor patently without merit.' (Emphasis omitted.)" *Id.* (quoting *People v. Phyfiher*, 361 Ill. App. 3d 881, 883 (2005)). Under section 122-2.1(a)(2) of the Act, if the trial court determines that the petition is frivolous or patently without merit, it shall dismiss it in a written order. *Id.* (citing 725 ILCS 5/122-2.1(a)(2) (West 2010)). We review *de novo* the first-stage dismissal of a postconviction petition. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 10       Here, defendant's verification was signed but not notarized. Instead, defendant cited section 1-109 of the Code and stated that the contents of the petition were true to the best of his knowledge. Section 1-109 provides as follows:

"The person or persons having knowledge of the matters stated in a pleading, affidavit or other document certified in accordance with this Section shall subscribe to a certification in substantially the following form: Under penalties as provided by law

-3-

pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." 735 ILCS 5/1-109 (West 2010).

¶ 11　　In *Carr*, the defendant filed a *pro se* postconviction petition with an unnotarized verification attesting to the truth of the petition. The trial court dismissed the petition at the first stage, and a panel of this court affirmed. Citing to the general rule that "[a] trial court properly dismisses a postconviction petition where the petition does not comply with the requirements of the Act," the panel held that noncompliance with section 122-1(b) rendered the petition invalid and was a basis for denying relief under the Act. *Carr*, 407 Ill. App. 3d at 515. Later, in *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 16, a panel of this court held that a postconviction petition cannot be verified under section 1-109 of the Code. Then, in *McCoy*, a panel of this court held that a petition accompanied by a notarized verification was necessary to commence proceedings under the Act. *McCoy*, 2011 IL App (2d) 100424, ¶ 10. Recently, a split panel of this court reaffirmed *Carr* and *McCoy*, stating that to hold otherwise would render the section 122-1(b) affidavit requirement surplusage and essentially allow a defendant to allege anything that would allow the petition to proceed to the second stage. *Hommerson*, 2013 IL App (2d) 110805, ¶ 13.

¶ 12　　However, the First and Fourth Districts have disagreed, determining that the mere fact that a verification is not notarized does not justify dismissal at the first stage. *People v. Terry*, 2012 IL App (4th) 100205; *People v. Henderson*, 2011 IL App (1st) 090923. Further, in *Turner*, a panel of this court addressed the dismissal of a petition at the second stage. The panel determined that the State procedurally defaulted the issue of an unnotarized verification by failing to raise it in a motion to dismiss at the second stage. *Turner*, 2012 IL App (2d) 100819, ¶ 39. Relying on *People v. Boclair*, 202 Ill. 2d 89, 98 (2002), the panel found that the matter was a nonjurisdictional procedural defect that should have been remedied by the defendant's counsel at the second stage. *Turner*, 2012 IL App (2d) 100819, ¶ 42. The panel also agreed with *Henderson* and *Terry* that an invalid verification was not a basis for a first-stage dismissal, stating:

"Indeed, the State's ability to forfeit the defect makes an invalid affidavit akin to a petition's untimeliness, which likewise is not a basis for a first-stage dismissal. [Citation.] Just as a petition can have merit despite its untimeliness [citation], so can a petition that is merely unverified [citation]. Thus, to the extent that they hold to the contrary, we disagree with *Carr* and *McCoy*." *Id.* ¶ 46.

See also *Cage*, 2013 IL App (2d) 111264, ¶¶ 13-14; *People v. Gardner*, 2013 IL App (2d) 110598, ¶ 14; *Hommerson*, 2013 IL App (2d) 110805, ¶ 24 (Burke, P.J., dissenting).

¶ 13　　Our supreme court recently provided support for this determination in *People v. Cruz*, 2013 IL 113399. There, a postconviction petition initially was summarily dismissed as untimely, but following an appeal, the supreme court remanded for further proceedings in light of *Boclair*. On remand, the petition proceeded to the second stage. The defendant, who had waived counsel, filed a supplemental petition addressing his lack of culpable negligence

in filing an untimely petition, but he did not attach a notarized verification affidavit to the petition. *Id.* ¶¶ 9-12, 19. The State responded, arguing against the merits of the defendant's claim of lack of culpable negligence. The State did not argue that the petition was deficient for failing to include a notarized verification. However, on appeal it did raise this claim, and the appellate court agreed, affirming the dismissal of the petition on the new ground raised by the State. *Id.* ¶ 16.

¶ 14    The supreme court held that the State forfeited its argument regarding the failure to attach a notarized verification affidavit by not raising that issue in the trial court. *Id.* ¶ 20. The court favorably cited our application of *Boclair* in *Turner*. *Id.* ¶¶ 20-21 (citing *Turner*, 2012 IL App (2d) 100819, ¶ 41). The court then similarly held that the State's failure to claim error from the unnotarized verification in the trial court deprived the defendant of the opportunity to correct the alleged deficiency and deprived the trial court of the opportunity to consider the issue. *Id.* ¶ 22.

¶ 15    The supreme court's comparison to the timeliness argument advanced in *Boclair*, and its holding that the State forfeited its right to make the argument on appeal, instructs that a petition's lack of proper verification is not a proper ground for a dismissal at the first stage of postconviction proceedings. See *Cage*, 2013 IL App (2d) 111264, ¶ 14 (holding that defendant's failure to attach a notarized verification affidavit to his postconviction petition was not an appropriate reason to dismiss the petition at first stage of postconviction proceedings and rejecting *Carr*, *McCoy*, and *Hommerson*).

¶ 16    Here, the trial court summarily dismissed on the basis that the petition was not verified by an affidavit. Consistent with our analysis and our supreme court's instruction in *Cruz*, we remand for second-stage proceedings under the Act. See *People v. Inman*, 407 Ill. App. 3d 1156, 1162-63 (2011); *People v. Vasquez*, 307 Ill. App. 3d 670, 673 (1999).

¶ 17    The State, however, asks us to affirm on the alternate basis that defendant failed to provide notarized affidavits from witnesses in support of his petition, under section 122-2 of the Act (725 ILCS 5/122-2 (West 2010)). However, as to at least some of his claims, defendant made legal arguments based on material that is apparent on the record and for which he also submitted other documents.

¶ 18    Section 122-2 requires a petition to be accompanied by affidavits, records, or other evidence supporting its allegations, or an explanation for their absence. *Id.* "The requirement of 'affidavits, records, or other evidence' is stated with the disjunctive word 'or.' Therefore, any one of the three forms of proof will suffice." *People v. Rivera*, 342 Ill. App. 3d 547, 550 (2003). Further, because a petition may not be summarily dismissed only in part, not "every allegation in a petition must have evidentiary support." *Id.* at 551; see *People v. Rivera*, 198 Ill. 2d 364, 371-72 (2001). Here, defendant submitted records to support at least some of his claims.

¶ 19    The State relies on *People v. Collins*, 202 Ill. 2d 59, 66 (2002), which held that the trial court properly dismissed a petition at the first stage for violating section 122-2. But in *Collins*, the only attachment to the petition was a verification. Thus, there was no evidence at all under section 122-2. *Id.* at 62. That is distinguishable from here, where defendant did provide support. Accordingly, we do not affirm on this ground.

¶ 20                             III. CONCLUSION

¶ 21        The trial court improperly dismissed the petition based on the lack of verification by notarized affidavit. Accordingly, the judgment of the circuit court of Kane County is reversed and the cause is remanded to the trial court for second-stage proceedings.

¶ 22        Reversed and remanded.

¶ 23        JUSTICE SCHOSTOK, dissenting.

¶ 24        For the reasons set forth in this court's decisions in *Carr*, *McCoy*, and *Hommerson*, the trial court properly dismissed the defendant's postconviction petition because the petition was not verified by affidavit. The majority's reliance on *People v. Cruz*, 2013 IL 113399, to depart from those cases is unpersuasive as *Cruz* does not specifically address the underlying analysis of any of those cases. Accordingly, I would affirm the trial court's judgment.