NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240696-U

NO. 4-24-0696

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 15, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| RANDALL C. MILLS, | ) | No. 04CF134 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Douglas E. Lee, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding the trial court did not err when it summarily dismissed defendant's postconviction petition.

¶ 2   Defendant, Randall C. Mills, appeals the summary dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2024)). Defendant argues this court should reverse and remand for further postconviction proceedings because he pleaded the gist of a constitutional claim. For the reasons that follow, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4   In 2005, defendant was convicted of two counts of aggravated battery of a child (720 ILCS 5/12-4.3(a) (West 2004)) and sentenced to two consecutive terms of 21 years' imprisonment. At defendant's bench trial, the State presented evidence showing defendant admitted to repeatedly shaking the victim, a newborn child. While defendant initially asserted he

shook the child because the child was not breathing, he later admitted to shaking the child because the child would not stop crying and because of an argument with the child's mother. Defendant also admitted it was his intent to kill the child during the last shaking incident. The child became unconscious from the first shaking incident and, following the last shaking incident, was found to have acute and chronic subdural hematomas, as well as retinal hemorrhages. A State's witness testified retinal hemorrhages were "almost diagnostic of shaken baby syndrome" and, to a reasonable degree of medical certainty, the victim was "a shaken baby." In his defense, defendant testified his previous admissions were untrue and he had only once shaken the child because the child was having a health crisis. The defense ultimately argued the State failed to prove defendant caused the child's injuries and suggested the child's injuries were caused by the child's mother.

¶ 5 In 2007, the Appellate Court, Second District, on direct appeal, rejected defendant's challenges to his conviction and sentence on one of the counts of aggravated battery of a child. *People v. Mills*, No. 2-05-0696 (2007) (unpublished order under Illinois Supreme Court Rule 23). With respect to his challenge to the conviction, defendant argued the State failed to prove the child suffered great bodily harm, an essential element of the charged offense, from the first shaking. Specifically, defendant asserted, in part, there was insufficient evidence to show any connection between the victim's chronic subdural hematoma and the first shaking incident. The Second District rejected defendant's argument, finding, although the charging instrument identified the great bodily harm as the subdural hematoma, the State only needed to prove great bodily harm occurred in some form. The court found a rational trier of fact could find the victim suffered great bodily harm based upon the evidence indicating the victim lost consciousness or became concussed by defendant's conduct and, therefore, "proof that the first shaking incident caused the sub-dural hematoma was unnecessary because the verdict was supported by other proof of great bodily harm

to the victim resulting from that incident."

¶ 6        In 2023, defendant filed a *pro se* postconviction petition, which is the subject of this appeal. Defendant filed a similar postconviction petition eight years earlier but ultimately withdrew that petition. The instant petition sought to have "the consecutive sentences be revoked for a new sentenc[ing] hearing or be ran concurrent." In support of the requested relief, the petition alleged multiple claims, including a claim challenging trial counsel's failure to obtain an expert witness:

> "Petitioner was denied his right to the effective assistance of trial counsel where defense counsel failed to obtain medical expert to support defense (see witness list) or to explain medical reasonable doubt or explain [the victim's] low [A]pgar score being low at birth."

The petition also included a claim challenging appellate counsel's failure to challenge trial counsel's performance on direct appeal: "Petitioner was denied his right to the effective assistance of appellate counsel [where] Appellate counsel failed to raise the issue about my trial counsel was not effective." The petition noted certain documents were supposed to be attached; defendant stated he was "not able to get this evidence sent in on time due to being in prison, but it will be dropped off."

¶ 7        In 2024, the trial court entered a comprehensive written order summarily dismissing defendant's postconviction petition. The court addressed each of the claims alleged in the petition and explained why each did not survive summary dismissal. With respect to defendant's claim challenging trial counsel's failure to obtain an expert witness, the court found:

> "The failure of trial counsel to seek expert testimony can support a claim
>
> for ineffective assistance. See, *e.g.*, *People v. Hayes*, 2022 IL App (1st) 190881-B,

¶ 27. Defendant, however, fails to support the Petition with any affidavit, record, or other evidence that identifies a medical expert who would testify that Defendant's conduct did not cause [the victim's] injuries or that [the victim's] low Apgar score somehow explained [the victim's] condition. Defendant even fails to support the Petition with evidence that a medical basis exists to support his claims. Without such evidence, Defendant's claim is entirely speculative. The Court therefore cannot find it is arguable that trial counsel's performance fell below an objective standard of reasonableness and that it is arguable that Defendant was prejudiced. The Court finds Defendant fails to support this claim with the evidence the Act requires."

The court further found, with respect to defendant's challenge to appellate counsel's failure to challenge trial counsel's performance, "[I]t is unclear that any of Defendant's ineffective assistance claims could have been ascertained from the record and raised by appellate counsel."

¶ 8        This appeal followed.

¶ 9                              II. ANALYSIS

¶ 10        On appeal, defendant argues this court should reverse and remand for further postconviction proceedings because he pleaded the gist of a constitutional claim. Specifically, he asserts he pleaded the gist of a constitutional claim that (1) his trial counsel provided ineffective assistance by failing to present an expert to rebut the testimony from the State's expert that the victim's retinal hemorrhages were diagnostic of shaken baby syndrome and (2) his appellate counsel on direct appeal provided ineffective assistance by failing to argue trial counsel's ineffectiveness for failing to present an expert.

¶ 11        The State, in response, argues this court should affirm the summary dismissal of

defendant's postconviction petition because, as the trial court found, the claims concerning trial counsel's failure to obtain a medical expert are not adequately supported. The State additionally argues affirmance is appropriate because the petition is untimely and defendant has not shown said untimeliness is excusable.

¶ 12    In reply, defendant argues he "at least nominally satisfied the minimum pleading requirements of the Act of submitting records to support the allegations [of the petition] or explain their absence." In support, defendant notes his claim concerning trial counsel's failure to obtain a medical expert was supported by the reference, "see witness list." Defendant also notes he supported his other claims with references to specific evidence, which was previously submitted as part of his withdrawn petition and which he provided as an explanation for why said evidence was not attached to the instant petition. Defendant further argues a postconviction petition may not be summarily dismissed as untimely.

¶ 13    "The threshold for a petition to survive summary dismissal at the first stage of [postconviction] proceedings is low, given that most postconviction petitions are drafted by *pro se* petitioners with little legal knowledge or training." *People v. Hatter*, 2021 IL 125981, ¶ 23. "The allegations of the petition, taken as true and liberally construed, must present the gist of a constitutional claim." *Id.* ¶ 24.

¶ 14    The Act requires that a postconviction petition "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 2022). "[T]o survive summary dismissal, a petitioner is only required to include a limited amount of detail and need not present formal legal arguments or citations to legal authority." *Hatter*, 2021 IL 125981, ¶ 24. However, the petitioner is not excused "from providing any factual detail at all surrounding the alleged constitutional violation." *Id.*

¶ 15        Additionally, the Act requires a postconviction petition to "have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2022). This shows "that the verified allegations are capable of objective or independent corroboration." *People v. Collins*, 202 Ill. 2d 59, 67 (2002). "[S]ection 122-2 makes clear that the petitioner who is unable to obtain the necessary affidavits, records, or other evidence must at least explain why such evidence is unobtainable." (Internal quotation marks omitted.) *Id.* at 68. This court reviews a trial court's summary dismissal of a postconviction petition *de novo*. *People v. Joiner*, 2024 IL 129784, ¶ 20.

¶ 16        In this case, we agree with the trial court's assessment that defendant's claims of ineffective assistance based upon trial counsel's failure to obtain an expert witness did not meet the minimum pleading standards to survive a summary dismissal. To begin with, defendant's claims are not supported by sufficient factual allegations. In the petition, defendant seeks to have his sentences revoked and a new sentencing hearing held or the sentencing order changed to require his sentences to run concurrently rather than consecutively. In support of the requested relief, defendant alleges claims of ineffective assistance based upon trial counsel's failure "to obtain medical expert to support defense (see witness list) or to explain medical reasonable doubt or explain [the victim's] low [A]pgar score being low at birth." Defendant does not, however, explain how a medical expert would support his defense, nor does he explain why he believes the victim's low Apgar score at birth is significant. Without more, defendant invites speculation as to the factual grounds of his claims.

¶ 17        Moreover, defendant's claims concerning trial counsel's failure to obtain an expert witness are not supported by evidence, and defendant does not provide an explanation for why said evidence is not attached. We reject defendant's suggestion that his reference to a "witness

list" provides sufficient support. At best, defendant's reference confirms only that no expert witness was obtained by the defense. There is no evidence showing how an expert might support the defense or why the victim's low Apgar score at birth may be significant.

¶ 18        We also reject defendant's suggestion that the fact he supported some of his other claims in his petition with evidence precludes us from affirming based upon his failure to support his claims concerning trial counsel's failure to obtain an expert witness with evidence. For support, defendant cites *People v. House*, 2013 IL App (2d) 120746, ¶ 18, for the proposition "not every allegation in a petition must have evidentiary support." (Internal quotation marks omitted.) Defendant, however, takes that proposition out of context. In *House*, the defendant persuasively argued the trial court erred when it summarily dismissed the postconviction petition based solely on the lack of a notarized affidavit. *Id.* ¶ 16. The State pursued an alternative basis for affirmance of the summary dismissal—that the defendant failed to provide notarized affidavits from witnesses. *Id.* ¶ 17. The reviewing court rejected the State's argument, finding the defendant, as to at least some of the claims in the petition, made legal arguments based on material that was apparent on the record and for which he also submitted other documents. *Id.* ¶¶ 17-18. That is, because defendant submitted records to support some of his claims, the court found it could not affirm on the grounds argued by the State. *Id.* ¶¶ 18-19.

¶ 19        Unlike *House*, the trial court here summarily dismissed defendant's postconviction petition after rejecting each of defendant's claims raised therein, and defendant only challenges the summary dismissal based upon the rejection of his claims related to the failure to obtain an expert witness. Even if defendant's other claims were properly supported, defendant has not challenged the court's findings that they were otherwise insufficient to survive a summary dismissal. The only claims which defendant asserts should have prevented a summary dismissal

are, as explained above, not adequately pleaded and supported with evidence.

¶ 20　　　　　In sum, we find the trial court did not err when it summarily dismissed defendant's postconviction petition. In so finding, we commend the court for its careful attention given to this case, as evidenced by its comprehensive, 13-page written order.

¶ 21　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 23　　　　　Affirmed.