2020 IL App (2d) 200035-U
No. 2-20-0035
Order filed September 4, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-1729 |
| STEVEN D. HILLIARD, | ) ) | Honorable Charles D. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Zenoff and Schostok concurred in the judgment.

**ORDER**

¶ 1  *Held*:  Defendant's three-year prison term imposed upon the revocation of his probation for aggravated DUI was not an abuse of discretion. Defendant admitted to multiple violations including that he tested positive for alcohol and failed to complete an alcohol treatment program. Though the State withdrew allegations of other violations, the court could still consider defendant's conduct as bearing upon his rehabilitative potential.

¶ 2 Defendant, Steven D. Hilliard, appeals from an order of the circuit court of Lake County resentencing him to a three-year prison term after revoking his probation for aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(d)(1)(G) (West 2018)). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4 On August 2, 2018, the State filed an information charging defendant with aggravated DUI. The information alleged that, on July 28, 2018, defendant operated a motor vehicle under the influence of alcohol at a time when his driving privileges were suspended. On August 8, 2018, defendant entered a negotiated plea of guilty to that charge and was sentenced to a 24-month term of probation. As a factual basis for the plea, the parties stipulated that on July 28, 2018, a Lake Forest police officer observed a vehicle that defendant was driving nearly run a red light. The officer followed the vehicle and observed lane violations. The officer then stopped the vehicle and, during the ensuing encounter with defendant, the officer noticed indicia of intoxication, including the smell of alcohol on defendant. Defendant admitted that he had been drinking, and his performance on field sobriety tests indicated impairment.

¶ 5 On April 29, 2019, the State filed a petition to revoke defendant's probation, which alleged, in pertinent part, as follows (with handwritten additions italicized):

"1. That on 08/08/2018 the defendant was placed on 24 months probation ***

That as [a] condition of the sentence, the defendant was to;

2. Attend, successfully complete and serve written proof of successful completion of a 3rd level alcohol treatment program upon the clerk of the court.

3. Pay court costs.

4. No drugs or alcohol and random drops: defendant tested positive for alcohol on March 15, 2019. *And positive for alcohol on May 8, 2019*.

5. No drugs or alcohol and random drops: defendant tested positive for alcohol on March 27, 2019.

6. Pay probation service fees.

7. Perform 200 hours of public service and serve written proof of completion upon the clerk of the circuit court[.]

8. Report to probation as directed. Defendant failed to report to probation on December 27, 2018; January 28, 2019; and or April 11, 2019.

9. Attend, successfully complete and serve written proof of successful completion of victim impact panel upon the clerk of the circuit court.

10. Abide by curfew: defendant violated his 6pm-6am curfew on December 6, 2018.

11. That defendant has willfully failed to comply with condition(s) 3, 6.

12. That defendant has failed to comply with condition(s) 2, 4, 5, 7, 8, 9, 10."

¶ 6 On September 25, 2019, defendant admitted violating conditions 2 through 6 and 10. The State withdrew allegations concerning the other violations. The trial court then ordered the preparation of a presentence investigation report (PSI) and continued the matter for resentencing. The PSI described the circumstance of the offense, noting that when defendant was arrested for DUI, there were three young children in the vehicle he was driving. Defendant explained that he had attended a repast in Chicago with a friend and her children. Defendant's friend had too much to drink, so defendant decided to drive.

¶ 7 The PSI detailed defendant's difficult childhood in being raised by a single mother in the Cabrini Green housing project. Defendant's father abused his mother and, on one occasion defendant witnessed his mother stab his father multiple times. He also witnessed the fatal shooting of a friend. Defendant admitted to drinking twice a week while on probation. He did not think his drinking was a problem. The PSI also noted that "[p]robation records indicate that [defendant] *** failed to complete public service hours."

¶ 8 According to the PSI, defendant's criminal history included a 2007 conviction of "Carry/Poss Firearm/Public" a Class 3 felony. The PSI stated that "[p]olice reports reflect the defendant was found to be in possession of a fully loaded, semi-automatic 9MM handgun within 1,000 ft of Tilden Highschool [*sic*] while school dismissal was occurring." Defendant also had convictions of resisting or obstructing a peace officer. In addition, in 2012, defendant was convicted of DUI, driving with a suspended or revoked driver's license, speeding in excess of 40 miles per hour over the speed limit, and operating an uninsured motor vehicle. Those offenses arose from the same incident. Defendant was convicted of burglary in 2013, theft in 2015, and assault in 2017. Defendant served two prison sentences: a two-year sentence after the revocation of probation for the weapons offense and a six-year sentence after the revocation of probation for burglary.

¶ 9 No testimony was presented at the resentencing hearing. Defendant tendered a certificate of participation in a "Deep Cleaning Safety First" program presented by Aramark Kitchen Staff. Defendant also tendered a letter from the Food Services Director for Aramark Correctional Services commending defendant for his attitude and work ethic. Defendant spoke in allocution, acknowledging his mistakes in the past and expressing his readiness to "change and do better."

¶ 10 The trial court resentenced defendant to a three-year prison term. The court noted that it considered all the materials in the PSI, the parties' arguments, defendant's statement in allocution, and all of the statutory factors in aggravation and mitigation. The trial court also indicated that, although defendant had been imprisoned "a bunch of times," that alone was not a reason to impose another prison sentence. The court explained that even though defendant committed DUI with the laudable purpose of assisting another individual in getting home, doing so showed that defendant

"ignores the long-term effects of his decision making." In announcing its decision, the trial court stated as follows:

"While on probation the defendant exhibited an inability to comply with the Court's order. He tested positive for alcohol on at least one occasion, failed to complete treatment that was ordered, failed to complete a victim impact panel that was ordered, failed to complete public service that was ordered. He did complete one training program in jail and has a commendable recommendation from food services, the director of food services says in particular that he has shown a very positive attitude during his time in jail.

So, the Court has to weigh all these factors both for and against incarceration in the Department of Corrections. The main factors that the Court focuses on is [*sic*] both the nature of the offense and the behavior on probation indicates that the defendant is unable to comply with either the court orders or the dictates of the law."

Defendant moved to reconsider his sentence. The trial court denied the motion, and this appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12 Defendant contends that, in resentencing, the trial court improperly considered allegations in the petition to revoke that defendant violated two conditions of probation: he failed to complete a victim impact panel and failed to complete public service. The State had withdrawn both of those allegations. Defendant also argues that the trial court improperly considered the allegation that defendant failed to complete treatment. Defendant notes that, although he admitted that he had not completed treatment, the record shows that he had completed the inpatient portion of the treatment program before the trial court granted the State's petition to revoke. Finally, defendant

argues that the trial court erred in considering his conviction of "Carry/Poss Firearm/Public," which he claims was based on a statute that has been held to be facially unconstitutional.

¶ 13 The following principles govern proceedings to resentence a defendant whose probation has been revoked:

> "Upon revocation of a defendant's probation, the trial court resentences the defendant 'to a disposition that would have been appropriate for the original offense.' [Citation.] 'Although the sentence imposed after revocation of probation may not constitute punishment for conduct which was the basis of revocation, the defendant's conduct on probation is to be considered by the trial court in assessing the defendant's potential for rehabilitation ***.' [Citation.] '[I]t is appropriate for a defendant who conducts himself poorly while on probation to receive a more severe sentence than he originally received." [Citation.] Also, 'a sentence imposed after probation is revoked may differ from the sentence which could have been imposed had probation not been granted.' [Citation.]"
> *People v. Pina*, 2019 IL App (4th) 170614, ¶ 30.

¶ 14 We will not disturb the trial court's sentencing decision unless the court abused its discretion. *People v. Maron*, 2019 IL App (2d) 170268, ¶ 81. However, the trial court has no discretion to rely on an improper aggravating factor in imposing a sentence. *Id.* If the trial court does so, the defendant must be resentenced unless the record shows that the weight placed on the improper factor was so insignificant that it did not lead to a greater sentence. *People v. Matute*, 2020 IL App (2d) 170786, ¶ 59. The trial court is presumed to have based its sentencing decision on proper factors. *Maron*, 2019 IL App (2d) 170268, ¶ 81. In determining whether the court relied on an improper factor, we look to the record as a whole. *Id.*

¶ 15 The trial court's remark that defendant had failed to successfully complete an alcohol treatment program was accurate. Although the record shows that defendant completed the inpatient portion of the program, he did not complete the outpatient portion. The court was also correct that defendant tested positive for alcohol on at least one occasion during probation. These facts were obviously pertinent to defendant's potential for rehabilitation as a DUI offender.

¶ 16 More problematic is the trial court's remark that defendant failed to complete the victim impact panel while on probation. Not only did the State withdraw the allegation concerning the victim impact panel, but the trial court was advised both at the resentencing hearing and on a prior occasion that defendant completed that requirement while the petition to revoke was pending, *i.e.*, when defendant was, in fact, still on probation.[1] However, we are persuaded that the trial court's mistaken belief did not result in a longer sentence. The probation order provided that defendant was to enroll in the victim impact panel within 45 days of the entry of the order. The order was entered on August 8, 2018. Defendant's certificate of completion of the victim impact panel was dated August 14, 2019, after the State had filed a petition to revoke defendant's probation. Defendant's failure to complete the victim impact panel in a timely manner reflected poorly on his commitment to rehabilitation.

¶ 17 Defendant also argues that the trial court erred in considering the withdrawn allegation that he failed to complete public service. Because defendant did not raise this issue in the trial court, he forfeited it. See *People v. Cruz*, 2013 IL 113399, ¶ 20 ("Generally, an issue not raised in the trial court is forfeited on appeal."). However, defendant argues we may review the issue under the plain-error rule. The plain-error rule permits a reviewing court to consider an otherwise forfeited

---

[1] When defendant completed the victim impact panel on August 14, 2019, the State's petition to revoke probation had been filed but not ruled on.

issue "(1) when a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) when a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted) *Matute*, 2020 IL App (2d) 170786, ¶ 54. We have observed that "[r]eliance on an improper sentencing factor is amenable to plain-error review because such reliance impinges upon [a] defendant's fundamental right to liberty." (Internal quotation marks omitted) *Id.* However, we find no basis for applying the plain-error rule to this issue. Although the State withdrew the allegation concerning completion of public service, the PSI states that probation records showed that defendant "failed to complete public service hours." "[T]he trial court may rely on *all* of the information in the unobjected to PSI to the extent it believes it is relevant and reliable." (Emphasis in original.) *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 56.

¶ 18    We next consider whether the trial court improperly considered defendant's conviction of a weapons offense described in the PSI as "Carry/Poss Firearm/Public." Defendant argues that, based on the classification of the offense as a Class 3 Felony and the PSI's summary of the offense (taken from a police report), defendant was presumably convicted of violating section 24-1(c)(1.5) of the Criminal Code of 1961 (720 ILCS 5/24-1(c)(1.5) (West 2006), which was later held to be facially unconstitutional. See *People v. Green*, 2018 IL App (1st) 143874. A conviction based on a facially unconstitutional statute is void; it "must be treated by the courts as if it did not exist, and it cannot be used for any purpose under any circumstances." *In re N.G.*, 2018 IL 121939, ¶ 36.

¶ 19 Defendant's argument is without merit. Defendant did not raise this issue in the trial court. Accordingly, we may review it only if it meets the requirements of the plain-error rule. As

previously noted, to be reviewable under the plain-error rule an error must be clear or obvious. That is not the case here. In pronouncing sentence, the trial court did not mention the weapons offense. Trial courts are presumed to know the law. *Guns Save Life, Inc. v. Raoul*, 2019 IL App (4th) 190334, ¶ 17. Thus, in the absence of any indication to the contrary, we must presume that, when the trial court pronounced sentence in 2019, it was aware of the holding in *Green*, which had been decided the previous year. The trial court's broad statement that it considered all of the material contained in the PSI is not enough to overcome the presumption with the clarity that the plain-error rule requires. Defendant also notes that the trial court observed that he had been sentenced to the department of corrections "a bunch of times," when defendant had served only two prison sentences, one of which was for the weapons offense. We do not interpret the court's statement as an affirmation of the validity of the conviction for that offense. Certainly, such an interpretation is not obvious enough to authorize plain-error review. Accordingly, we cannot conclude that the trial court improperly considered the weapons offense.

¶ 20                                    III. CONCLUSION

¶ 21 For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 22 Affirmed.